**Walter POGLIANI, Jacqueline Dunn, Stephen Dunn, Robert H. Boyle, Dimitri Sevastopoulo, Ian Nitschke, Stand Together Oppose Power Plant, Plaintiffs–Appellees,**

v.

**U.S. ARMY CORPS OF ENGINEERS, Defendant,**

**Athens Generating Company, L.P., Proposed Intervenor–Defendant–Appellant.**

**Docket No. 04–2633.**

United States Court of Appeals, Second Circuit.

Aug. 31, 2005.

Kenneth F. McCallion, McCallion & Associates, LLP, New York, NY., for Plaintiffs–Appellees.

Ruth E. Leistensnider, Nixon Peabody, LLP, Albany, NY., for Proposed Intervenor–Defendant–Appellant.

Present: CALABRESI, RAGGI, Circuit Judges, and MURTHA, District Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

This matter has been the subject of several decisions, and the parties' familiarity with the facts, procedural history, and issue on appeal is assumed. *See, e.g., Pogliani v. U.S. Army Corps of Eng'rs*, 306 F.3d 1235 (2d Cir.2002) *(per curiam); Pogliani v. U.S. Army Corps of Eng'rs*, 49 Fed.Appx. 327 (2d Cir.2002); *Pogliani v. U.S. Army Corps of Eng'rs*, 166 F.Supp.2d 673 (N.D.N.Y.2001).

Athens Generating Company, L.P. ("Athens") appeals from the district court's denial of its motion to intervene. Fed. R.Civ.P. 24(a) provides: "Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Thus, intervention as of right is granted when movant: "(1) files a timely motion; (2) asserts an interest relating to the property or transaction that is the subject of the action; (3) is so situated that without intervention the imposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) has an interest not adequately represented by the other parties.... The intervention application will be denied unless all four requirements are met." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir.1994).

At this time in the proceedings, when a motion for summary judgment against plaintiffs is under consideration by the district court, the district court found "near complete alignment of the interests of [Athens] and the Army Corps." *See* Special Appendix at 6. Moreover, the district court indicated it would accept *amicus* briefing, thereby providing Athens with a vehicle for presenting its arguments. Lastly, the district court expressly indicated: "No party could seriously doubt the interest of [Athens] in participating fully in the remedial stage of this action, should it occur, in light of what the Court imagines is now complete construction and operation of the power plant," and at that remedial phase, the court would "entertain a renewed motion for intervention." *See* Special Appendix at 7. Nor did the district court preclude a renewed motion for intervention, even before the remedial stage, should it deny plaintiffs' motion for summary judgment.

"We review a District Court's denial of a motion to intervene, whether as of right or by permission, for abuse of discretion." *Weisshaus v. Swiss Bankers Assoc. (In re Holocaust Victim Assets Litig.)*, 225 F.3d 191, 197 (2d Cir.2000). The parties urge us to take sides in the apparent circuit split over whether, as a general matter,

---

* The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

private parties can obtain intervention as of right in NEPA cases. *Compare, e.g., Sierra Club v. Espy,* 18 F.3d 1202, 1208 (5th Cir.1994) (reversing denial of Rule 24(a) motion), *and Kleissler v. United States Forest Serv.,* 157 F.3d 964, 974 (3d Cir.1998) (Becker, *J.* concurring), *with Portland Audubon Soc'y v. Hodel,* 866 F.2d 302, 309–10 (9th Cir.1989) (affirming denial of Rule 24(a) motion). We need not address this question because we conclude that the district court's decision here would not be an abuse of discretion even under the more flexible standard articulated in *Sierra Club,* 18 F.3d at 1207–08, and by Judge Becker in *Kleissler,* 157 F.3d at 977–80. Accordingly, we AFFIRM the judgment of the district court.