# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

THE WILDERNESS SOCIETY; PRAIRIE
FALCON AUDUBON, INC.,
           *Plaintiffs-Appellees,*

v.

UNITED STATES FOREST SERVICE;
JANE P. KOLLMEYER; SCOTT C.
NANNENGA,

                    *Defendants,*

            and

MAGIC VALLEY TRAIL MACHINE
ASSOCIATION; IDAHO RECREATION
COUNCIL; BLUERIBBON COALITION,
INC.,
  *Intervenor-Applicants-Appellants,*

No. 09-35200

D.C. No.
4:08-cv-00363-EJL

OPINION

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted
December 13, 2010—Pasadena, California

Filed January 14, 2011

Before: Alex Kozinski, Chief Judge, Mary M. Schroeder,
Harry Pregerson, Stephen Reinhardt, Pamela Ann Rymer,
Barry G. Silverman, Susan P. Graber,
M. Margaret McKeown, Kim McLane Wardlaw,
Johnnie B. Rawlinson and Jay S. Bybee, Circuit Judges.

Opinion by Judge Silverman

791

## COUNSEL

Paul A. Turcke (argued) of Moore Smith Buxton & Turcke (Boise, Idaho), for the appellants.

David A. Bahr, Megan O'Reilly (argued), and Erik Schlenker-Goodrich of Western Environmental Law Center

(Taos, New Mexico and Eugene, Oregon), and Scott W. Reed (Coeur d'Alene, Idaho) for the appellees.

Ignacia S. Moreno, Assistant Attorney General, Aaron Avila, and Katherine W. Hazard of the U.S. Department of Justice (Washington, D.C.) for amicus United States.

Paul L. Gale (argued), Erik M. Pritchard, and Jacqueline S. Treu of Troutman Sanders LLP (Irvine, California) for amici Motorcycle Industry Council and Specialty Vehicle Institute of America.

Jeffrey W. Leppo and Jason T. Morgan of Stoel Rives LLP (Seattle, Washington) for amicus The Alaska Oil and Gas Association.

Ronald S. Yockim (Roseburg, Oregon) for amici Coos County, Grant County, Harney County, and Wallowa County.

Roger R. Martella, Jr., Peter R. Steeland, Jr., and Matthew D. Krueger of Sidley Austin LLP (Washington, D.C.), for amici American Petroleum Institute, Chamber of Commerce of the United States, Croplife America, National Association of Manufacturers, and National Petrochemical and Refiners Association.

Michael B. Wigmore and Sandra P. Franco of Bingham McCutchen LLP (Washington, D.C.), for amicus Western States Petroleum Association.

Elizabeth E. Howard and Dominic M. Carollo of Dunn Carney Allen Higgins & Tongue LLP (Portland, Oregon) for amici Steens Mountain Landowner Group, Oregon Cattlemen's Association, Oregon Cattlemen's Public Lands Committee, Oregon Farm Bureau Federation, Public Lands Council, and National Cattlemen's Beef Association.

Anna M. Seidman and Douglas S. Burdin of Safari Club International (Washington, D.C.), for amicus Safari Club International.

Murray D. Feldman and William G. Myers III of Holland & Hart LLP (Boise, Idaho) and Dana R. Walsh of Southern Nevada Water Authority (Las Vegas, Nevada), for amicus Southern Nevada Water Authority.

Albert M. Ferlo, Donald C. Baur, and Guy R. Martin of Perkins Coie LLP (Washington, D.C.), for amicus Western Urban Water Coalition.

Julie A. Weis and Christopher Lundberg of Haglund Kelly Horngren Jones & Wilder LLP (Portland, Oregon), William K. Barquin, Attorney General of Kootenai Tribe of Idaho (Bonners Ferry, Idaho), Stuart M. Levit and John Harrison of Confederated Salish and Kootenai Tribes (Pablo, Montana), Brett Kenney of Coquille Indian Tribe (North Bend, Oregon), David C. Bonga of Kalispel Tribe (Airway Heights, Washington), William Bacon of Shoshone-Bannock Tribes (Fort Hall, Idaho), and Catherine Tufts of Confederated Tribes of Siletz Indians (Siletz, Oregon), for amici Kootenai Tribe of Idaho, Confederated Salish and Kootenai Tribes, Coquille Indian Tribe, Kalispel Tribe, Shoshone-Bannock Tribes, Confederated Tribes of Siletz Indians, and Metlakatla Indian Community.

David F. Hensley, Counsel to the Governor (Boise, Idaho) and Thomas C. Perry of Idaho Governor's Office of Species Conservation (Boise, Idaho), and L. Michael Bogert and Amy B. Chasanov of Crowell & Moring LLP (Washington, D.C.), for amici C.L. "Butch" Otter, Governor of Idaho and Idaho Governor's Office of Species Conservation.

Daniel S. Sullivan, Attorney General of State of Alaska, and Lance B. Nelson of Office of the Alaska Attorney General (Anchorage, Alaska), for amicus State of Alaska.

Scott W. Horngren of American Forest Resource Council (Portland, Oregon), for amici Alaska Forest Association and Douglas Timber Operators.

Mark C. Rutzick of Mark C. Rutzick, Inc. (Oak Hill, Virginia), for amicus American Forest Resource Council.

---

## OPINION

SILVERMAN, Circuit Judge:

Today we revisit our so-called "federal defendant" rule, which categorically prohibits private parties and state and local governments from intervening of right on the merits of claims brought under the National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. §§ 4321 *et seq.* Because the rule is at odds with the text of Federal Rule of Civil Procedure 24(a)(2) and the standards we apply in all other intervention of right cases, we abandon it here. When construing motions to intervene of right under Rule 24(a)(2), courts need no longer apply a categorical prohibition on intervention on the merits, or liability phase, of NEPA actions. To determine whether a putative intervenor demonstrates the "significantly protectable" interest necessary for intervention of right in a NEPA action, the operative inquiry should be, as in all cases, whether "the interest is protectable under some law," and whether "there is a relationship between the legally protected interest and the claims at issue." *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993). Since the district court applied the "federal defendant" rule to prohibit intervention of right on the merits in this NEPA case, we reverse and remand so that it may reconsider the putative intervenors' motion to intervene.

## I.  BACKGROUND

This action arises out of the Forest Service's adoption of a travel plan that designated 1,196 miles of roads and trails for

use by motorized vehicles in the Minidoka Ranger District of Idaho's Sawtooth National Forest. Two conservation groups, the Wilderness Society and Prairie Falcon Audubon, Inc., claim that the Forest Service violated NEPA by, among other things, failing to prepare an Environmental Impact Statement and failing to consider reasonable alternatives to the travel plan that would protect certain ecologically sensitive watersheds and wildlife habitats within the District. Their complaint seeks declaratory and injunctive relief invalidating the travel plan, limiting motorized vehicles to previously authorized routes, and prohibiting off-road vehicles from traveling outside designated routes, pending compliance with NEPA and other environmental statutes.

The issue central to this appeal arose when three groups representing recreation interests, the Magic Valley Trail Machine Association, Idaho Recreation Council, and Blue Ribbon Coalition, Inc., moved to intervene to counter the conservation groups' contention that the Forest Service's plan was too accommodating to users of motorized vehicles. The conservation groups opposed intervention, and the Forest Service took no position on the issue. Applying our Circuit's "federal defendant" rule, the district court denied intervention of right. The district court also denied permissive intervention on the grounds that the recreation groups had not adequately participated in the administrative process and "would not add any further clarity or insight" to the litigation.

The recreation groups appealed, arguing that the district court erred in failing to consider limited intervention and abused its discretion in denying permissive intervention. They also urged us to consider modifying or eliminating the "federal defendant" rule. A three-judge panel of our court ordered the parties to brief whether the court should review the case en banc to consider abandoning the rule. The recreation groups again urged the court to do so. The conservation groups took no position on the propriety of the rule. We granted en banc review. We have jurisdiction pursuant to 28

U.S.C. § 1291. *See Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1491 n.2 (9th Cir. 1995) (citing *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527 (9th Cir. 1983)).

## II.  INTERVENTION OF RIGHT IN NEPA CASES

**[1]** Federal Rule of Civil Procedure 24(a)(2) requires a court, upon timely motion, to permit intervention of right by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." When analyzing a motion to intervene of right under Rule 24(a)(2), we apply a four-part test:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Sierra Club*, 995 F.2d at 1481 (citing *Scotts Valley Band of Pomo Indians v. United States*, 921 F.2d 924, 926 (9th Cir. 1990)).

**[2]** Our "federal defendant" rule categorically precludes private parties and state and local governments from intervening of right as defendants on the merits of NEPA actions. *See Churchill County v. Babbitt*, 150 F.3d 1072, 1082, *as amended by* 158 F.3d 491 (9th Cir. 1998); *Forest Conservation Council*, 66 F.3d at 1499 n.11. The rationale for this rule is that such parties lack a "significantly protectable" interest warranting intervention of right under Rule 24(a)(2) because

NEPA is a procedural statute that binds only the federal government. *See Churchill County*, 150 F.3d at 1082 (citing *Sierra Club*, 995 F.2d at 1485). Our unique interpretation of intervention of right in NEPA cases may be traced to *Portland Audubon Society v. Hodel*, 866 F.2d 302 (9th Cir. 1989). There, a logging group and several Oregon localities and contractors sought to intervene of right in a NEPA action brought by conservation groups challenging the Bureau of Land Management's approval of logging old-growth timber in Oregon forests. *Id.* at 303-04. We held that the proposed intervenors' "significant economic stake" in the outcome of the case was not a " 'protectable' interest justifying intervention as of right" partly because "NEPA provides no protection for . . . purely economic interests." *Id.* at 309 (citing *Donaldson v. United States*, 400 U.S. 517, 531 (1971)). In doing so, we approved the district court's reliance on *Wade v. Goldschmidt*, 673 F.2d 182 (7th Cir. 1982) (per curiam), a Seventh Circuit case rejecting the attempt of a construction group and several families and localities to intervene of right in an action charging that a proposed bridge and expressway project violated NEPA and other federal statutes. *Portland Audubon Soc'y*, 866 F.2d at 308-09. *Wade* reasoned that the proposed intervenors lacked the "direct, significant legally protectable interest" required for intervention of right under Rule 24(a)(2) because in cases "brought to require compliance with federal statutes regulating governmental projects, the governmental bodies charged with compliance can be the only defendants." 673 F.2d at 185.

**[3]** In subsequent cases, we interpreted *Portland Audubon* to hold that the federal government is the *only* proper defendant in a NEPA compliance action. *See, e.g., Churchill County*, 150 F.3d at 1082; *Sierra Club*, 995 F.2d at 1485. While we have clarified that the "federal defendant" rule does not prohibit limited intervention of right in the remedial phase of NEPA litigation, *see Forest Conservation Council*, 66 F.3d at 1493-99, we have consistently applied the rule to bar private parties from intervening of right in the portion of NEPA

litigation addressing the government's compliance with the statute, *see Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002); *Wetlands Action Network v. U.S. Army Corps of Eng'rs*, 222 F.3d 1105, 1114 (9th Cir. 2000).

## III.  DISCUSSION

**[4]** In addition to the recreation groups, no fewer than thirty-seven amici—including conservation, recreation and commercial groups, state and local governments, Indian tribes, regional water authorities, and the federal government,[1] among others—argue that we should abandon our categorical prohibition on the ability of private parties and state and local governments to intervene of right as defendants on the merits of NEPA cases. We agree. Such a bright-line rule is inconsistent with the text of Rule 24(a)(2), which requires only "an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). In stating that "private parties do not have a 'significant protectable interest' in NEPA compliance actions," *Kootenai Tribe*, 313 F.3d at 1108, the "federal defendant" rule mistakenly focuses on the underlying legal claim instead of the property or transaction

---

[1]Although it does not support the rule, the federal government argues that this case does not properly present the question of whether private parties may intervene on the merits of NEPA claims because the recreation groups seek only to intervene in the remedial phase of the conservation groups' suit against the Forest Service. We disagree. In their motion to intervene, the recreation groups requested intervention "with full rights as a party." And in their proposed answer, the recreation groups denied the conservation groups' contentions that the Forest Service violated NEPA by failing to, among other things, prepare an Environmental Impact Statement, consider reasonable alternatives to the travel plan, and take a "hard look" at the impacts caused by motorized vehicle use in the Minidoka District. The fact that the recreation groups also filed a proposed cross-claim alleging that the Forest Service violated NEPA in different respects does not erase the fact that they sought to intervene as defendants to counter the conservation groups' contentions on the merits. Because the district court applied the "federal defendant" rule in holding that they could not do so, the propriety of the rule is properly before us.

that is the subject of the lawsuit. No part of Rule 24(a)(2)'s prescription engrafts a limitation on intervention of right to parties liable to the plaintiffs on the same grounds as the defendants.

The "federal defendant" rule's limitation on intervention of right in NEPA actions also runs counter to the standards we apply in all other intervention of right cases. In evaluating whether Rule 24(a)(2)'s requirements are met, we normally follow "practical and equitable considerations" and construe the Rule "broadly in favor of proposed intervenors." *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (internal quotation marks omitted); *see also Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). We do so because "[a] liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts." *City of Los Angeles*, 288 F.3d at 397-98 (internal quotation marks omitted). In keeping with that policy, we have held that Rule 24(a)(2) does not require a specific legal or equitable interest, *County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980), and noted that " 'the "interest" test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process,' " *id.* (quoting *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967)). We have also clarified that a prospective intervenor's asserted interest need not be protected by the statute under which the litigation is brought to qualify as "significantly protectable" under Rule 24(a)(2). *Sierra Club*, 995 F.2d at 1481, 1484. Rather, "[i]t is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Id*. at 1484. Furthermore, a prospective intervenor "has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006).

The "federal defendant" rule runs counter to all of the above standards. In applying a technical prohibition on intervention of right on the merits of all NEPA cases, it eschews practical and equitable considerations and ignores our traditionally liberal policy in favor of intervention. It also fails to recognize the very real possibility that private parties seeking to intervene in NEPA cases may, in certain circumstances, demonstrate an interest "protectable under some law," and a relationship between that interest and the claims at issue. Courts should be permitted to conduct this inquiry on a case-by-case basis, rather than automatically prohibiting intervention of right on the merits in all NEPA cases.

That the "federal defendant" rule is at odds with the normal standards we apply in all other intervention of right cases is further demonstrated by our consistent approval of intervention of right on the side of the federal defendant in cases asserting violations of environmental statutes other than NEPA. *See, e.g., Sierra Club*, 995 F.2d at 1486; *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397-98 (9th Cir. 1995). In *Sagebrush Rebellion, Inc. v. Watt*, for example, we held that several conservation groups could intervene of right to defend the federal government's compliance with the Federal Land Policy and Management Act of 1976[2] in designating a conservation area for birds of prey. 713 F.2d at 526-28. In doing so, we noted that there could "be no serious dispute" concerning the existence of a protectable interest supporting the conservation groups' right to intervene. *Id.* at 528. Similarly, in *Idaho Farm Bureau*—decided well after *Portland Audubon*—we approved intervention of right by environmental groups as defendants in an action challenging the Fish and Wildlife Service's compliance with the Endangered Species

---

[2]This case also appears to have included NEPA claims, but the panel decision does not explicitly address intervention as to those claims. *See Sagebrush Rebellion, Inc. v. Hodel*, 790 F.2d 760, 763 (9th Cir. 1986) (indicating that NEPA claims were also at issue). *Sagebrush Rebellion* was decided before *Portland Audubon*.

Act of 1973 ("ESA") and the Administrative Procedure Act. 58 F.3d at 1397-98. Citing *Sagebrush Rebellion*, we held that the environmental groups demonstrated an adequate interest because they had been active in the administrative process the Service initiated under the ESA. *Id.* Although we have distinguished some of these cases from NEPA cases in the past, *see, e.g., Sierra Club*, 995 F.2d at 1483-85, we no longer see any principled reason to categorically prohibit intervention of right on the merits of NEPA actions while approving of it in cases challenging the federal government's compliance with other environmental and administrative statutes. Given the many different scenarios in which NEPA claims arise, courts should be permitted to engage in the contextual, fact-specific inquiry as to whether private parties meet the requirements for intervention of right on the merits, just as they do in all other cases.

Finally, our application of the "federal defendant" rule is out of step with all but one of our sister circuits that have addressed whether private parties may intervene of right on the merits of NEPA claims. *See, e.g., WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992 (10th Cir. 2009); *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964 (3d Cir. 1998); *Sierra Club v. Espy*, 18 F.3d 1202 (5th Cir. 1994); *Wilderness Soc'y v. Morton*, 463 F.2d 1261 (D.C. Cir. 1972) (per curiam).[3] And the Seventh Circuit's rule prohibiting intervention of right extends beyond NEPA cases; in actions "brought to require compliance with federal statutes regulating governmental projects, the governmental bodies charged with compliance can be the only defendants." *Wade*, 673 F.2d at 185; *see, e.g., Keith v. Daley*, 764 F.2d 1265, 1269 (7th Cir. 1985); *United States v. 36.96 Acres of Land*, 754 F.2d 855, 859 (7th Cir.

---

[3]The Second and Sixth Circuits have declined to expressly address whether private parties may intervene of right on the merits of NEPA cases. *See Friends of Tims Ford v. Tenn. Valley Auth.*, 585 F.3d 955, 963 n.1 (6th Cir. 2009); *Pogliani v. U.S. Army Corps of Eng'rs*, 146 Fed. App'x 528, 529-30 (2d Cir. 2005) (unpublished).

1985). The Seventh Circuit does not single out NEPA cases for a special rule, as we have done. The fact that our NEPA-specific "federal defendant" rule finds little to no support among our sister circuits strengthens the case for its abandonment today. As noted by the Third Circuit in *Kleissler*, "[t]he reality is that NEPA cases frequently pit private, state, and federal interests against each other. Rigid rules in such cases contravene a major premise of intervention—the protection of third parties affected by pending litigation." 157 F.3d at 971.

**[5]** We now abandon the "federal defendant" rule. When considering motions to intervene of right under Rule 24(a)(2), courts need no longer apply a categorical prohibition on intervention on the merits, or liability phase, of NEPA actions. To determine whether putative intervenors demonstrate the "significantly protectable" interest necessary for intervention of right in a NEPA case, the operative inquiry should be whether the "interest is protectable under some law" and whether "there is a relationship between the legally protected interest and the claims at issue." *Sierra Club*, 995 F.2d at 1484. A putative intervenor will generally demonstrate a sufficient interest for intervention of right in a NEPA action, as in all cases, if "it will suffer a practical impairment of its interests as a result of the pending litigation." *California ex rel. Lockyer*, 450 F.3d at 441.

**[6]** Because the district court applied the "federal defendant" rule to deny the recreation groups' motion to intervene, we reverse and remand so that it may consider anew their motion, including the related request for permissive intervention, in light of our holding today.

**REVERSED and REMANDED.**