**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRIENDS OF THE COLUMBIA GORGE and SAVE OUR SCENIC AREA, <br><br> Petitioners, <br><br> v. <br><br> BONNEVILLE POWER ADMINISTRATION, <br><br> Respondent. | No. 15-72788 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Bonneville Power Administration

Argued and Submitted March 8, 2018
Portland, Oregon

Before: FISHER, N.R. SMITH, and HURWITZ, Circuit Judges.

Friends of the Columbia Gorge and Save Our Scenic Area (collectively,

"Friends") petition for review of a Bonneville Power Administration (BPA) record

of decision granting the Whistling Ridge Energy Project (the Wind Project) an

interconnection to BPA's transmission system. We deny the petition.

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

BPA determined the Wind Project—as opposed to the interconnection itself—was not a major federal action under the National Environmental Policy Act (NEPA). *See Sierra Club v. Bureau of Land Mgmt.*, 786 F.3d 1219, 1225 (9th Cir. 2015).

We review BPA's determination with deference under the Administrative Procedure Act, determining only whether it was arbitrary, capricious, or contrary to law. *See Wetlands Action Network v. U.S. Army Corps of Eng'rs*, 222 F.3d 1105, 1118 (9th Cir. 2000), *abrogated on other grounds by Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011).

Determining whether an action is federal for purposes of NEPA "requires 'careful analysis of all facts and circumstances surrounding the relationship'" between the federal agency and the allegedly nonfederal action. *Enos v. Marsh*, 769 F.2d 1363, 1371 (9th Cir. 1985) (quoting *Friends of the Earth, Inc. v. Coleman*, 518 F.2d 323, 329 (9th Cir. 1975), *abrogated on other grounds by Cottonwood Envtl. Law Center v. U.S. Forest Serv.*, 789 F.3d 1075 (9th Cir. 2015)). We evaluate (1) whether the project received "federal funding," *Enos*, 769 F.2d at 1372; (2) whether the "federal government exercised . . . control over the planning and development of" the project, *id.*; (3) whether "[t]he environmental effects of the state action were . . . ignored" or whether "the state project was taken

2

into account as one of the secondary effects of the federal action," *id.* at 1372 n.11; *see also Wetlands*, 222 F.3d at 1117 (weighing "extensive state environmental review" as a factor indicating an action was not within federal jurisdiction); and (4) whether two projects "are so functionally interdependent that the projects constitute a single federal action" or whether they "serve complementary, but distinct functions," *Enos*, 769 F.2d at 1371.

These factors support BPA's determination that the Wind Project was not a federal action. First, the Project will receive no federal money. Second, the federal government exercised no control over the planning and development of the Wind Project. Third, BPA engaged in a joint NEPA analysis with Washington's regulatory agency. Lastly, even if interconnection with BPA is the only feasible means of transmitting power generated from the Wind Project, the interconnection and the Wind Project "serve complementary, but distinct functions." *Id.* In contrast to the situation in *Port of Astoria v. Hodel*, 595 F.2d 467 (9th Cir. 1979), BPA would merely *transmit* power generated by the private Wind Project to other private consumers along its existing transmission system. *Cf. id.* at 471 (identifying federal action in a contract to supply federally generated power to an aluminum plant).

Accordingly, we cannot conclude that BPA's no-federal-action determination was arbitrary, capricious, or contrary to law. *See Wetlands*, 222 F.3d at 1118.

Petition **DENIED.**