**NOT FOR PUBLICATION**

FILED

MAY 06 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES, an Oregon non-profit corporation, | No.   18-35291 |
| | D.C. No. 2:16-cv-01866-JCC |
| Plaintiff-Appellee, | |
| v. | MEMORANDUM[*] |
| UNITED STATES DEPARTMENT OF COMMERCE; et al., | |
| Defendants-Appellees, | |
| v. | |
| WASHINGTON CATTLEMEN'S ASSOCIATION; WASHINGTON STATE FARM BUREAU FEDERATION, | |
| Interested Party-Appellants. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted February 6, 2019

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Seattle, Washington

Before: IKUTA and CHRISTEN, Circuit Judges, and CHOE-GROVES,[**] Judge.

Washington Cattlemen's Association (WCA) and Washington State Farm Bureau Federation (WFB) appeal the district court's order denying their motion for intervention as of right and for permissive intervention under Rule 24 of the Federal Rules of Civil Procedure. We have jurisdiction under 28 U.S.C. § 1291.

Because WCA and WFB "will suffer a practical impairment of [their] interests as a result of the pending litigation," *City of Emeryville v. Robinson*, 621 F.3d 1251, 1259 (9th Cir. 2010) (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006)), including the potential loss of funding and imposition of more burdensome requirements on their operations, the district court erred by concluding that WCA and WFB lacked a significantly protectable interest with respect to claims 4 and 5. The government's assertion, without support in the record, that the state of Washington might supplement the loss of funding despite the outcome of the litigation does not render WCA's or WFB's interests "wholly remote and speculative." *Id.* Because the constituents of WFB and WCA are the intended beneficiaries of the grant program and bear the burdens

---

[**] The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

2

of any additional management requirements imposed on their operations, they have an immediate existing interest in the subject of the controversy. *See Lockyer*, 450 F.3d at 441.

Furthermore, because WCA and WFB have "more narrow, parochial interests" than the state of Washington and because "the applicant–intervenor's burden in showing inadequate representation is minimal," *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1498–99 (9th Cir. 1995), *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) (en banc), the district court erred by determining that Washington adequately represented WCA's and WFB's interests with respect to claims 2, 3, 4, and 5. We reject the government's argument that the state of Washington will advance the same arguments in litigation as the WCA and WFB, because the record shows that Washington seeks to promote the "highest possible standards" for water purity, while the proposed intervenors have a narrower parochial interest

in ensuring the continued economic feasibility of their constituents' operations.

Moreover, the record indicates that WCA and WFB have specialized expertise.[1]

Because Rule 24(a) of the Federal Rules of Civil Procedure imposes a mandatory duty on a district court to permit intervention by anyone who meets the relevant criteria, and given that WCA and WFB meet this criteria by demonstrating a significantly protectable interest that was not adequately represented by existing parties, the district court erred by denying intervention as of right.[2]

**REVERSED AND REMANDED.**

---

[1] The dissent fails to explain how WCA and WFB have "the very same objective" and "the same interest" as Washington, given that Washington seeks to promote the "highest possible standards" for water purity, while WCA and WFB seek to promote the economic viability of their constituents' operations. These interests may conflict in the litigation. Because Washington does not adequately represent WCA's and WFB's interests, we do not reach the question whether Washington should be considered an "existing party" because it was not joined when WCA and WFB's motion was filed.

[2] In light of this conclusion, we do not reach the question whether the district court erred by denying permissive intervention.

CHRISTEN, Circuit Judge, dissenting:

The district court correctly ruled that Washington State adequately represents the interests of the Washington Cattlemen's Association (WCA) and the Washington State Farm Bureau Federation (WFB), particularly in the context of this litigation where the defendants, intervenors, and proposed intervenors *all* seek precisely the same outcome (ongoing grant funding) for precisely the same reason (ongoing funding is consistent with the statutory requirements). Because the majority's reasoning cannot be squared with Rule 24(a)(2)'s requirements for intervention as of right, I respectfully dissent.

Intervention as of right is only appropriate if an existing party does not adequately represent the putative-intervenor's interests. Fed. R. Civ. P. 24(a)(2). To determine whether to allow intervention, courts examine: "[1] whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; [2] whether the present party is capable and willing to make such arguments; and [3] whether the intervenor would offer any necessary elements to the proceedings that other parties would neglect." *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986). If a party and a proposed intervenor "share the same ultimate objective, a presumption of adequacy

applies[.]" *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 951 (9th Cir. 2009). Moreover, "when the government is acting on behalf of a constituency that it represents[,]" the government is presumed to adequately represent its citizens unless there is "a very compelling showing to the contrary[.]" *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). Indeed, when the government is already representing its constituents, allowing those citizens to intervene on only a nominal showing risks paralyzing the suit with a deluge of additional parties. *See 6 Moore's Federal Practice*, § 24.03[4][a][v][A] (3d ed.) ("Acting in a type of representative capacity is a basic governmental function, and the business of government could hardly be conducted if, in matters of litigation, individual citizens could usually or always intervene and assert individual points of view.").

Here, WCA and WFB have the very same objective as Washington State: to secure continued grant funding to the State pursuant to a series of environmental statutes. WCA, WFB, and Washington State also have the same interest: Washington wants ongoing grant money so it can continue to fund a number of environmental programs, and WCA and WFB want continued funding for those programs so their members can continue to participate in them. Rule 24(a)(2) dictates that WCA and WFB must rebut a presumption against intervention, and they must do so with a "very compelling showing[.]" *Id*. Yet the putative

2

intervenors failed to make any convincing showing—much less a compelling one—that Washington would not adequately represent WCA and WFB. They failed to identify a single argument that Washington is unwilling to make and the record suggests there isn't one—during the briefing on remedy before the district court, Washington explicitly and fully incorporated all of WCA's and WFB's arguments.[1]

The majority highlights WCA's and WFB's specialized expertise and points to various reasons why Washington's and the putative-intervenors' environmental interests are generally different. *See Ante* at 3-4. But that only sidesteps the controlling question. What the majority does not explain is why the putative-intervenors' expertise in farming and ranch management entitles them to intervene in this litigation as a matter of right.[2] The question *in this litigation* is whether the EPA (consistent with federal statutory guidelines) should continue providing grant money to Washington. Washington and the putative-intervenors may disagree

---

[1]     *See* Case No. 16-CV-01866-JCC, Dkt. No. 105 at 9 ("Washington adopts and fully incorporates the arguments made by Amici Washington State Farm Bureau Federation and Washington Cattlemen's Association[.]")

[2]     This court has previously ruled that the sort of specialized knowledge WCA and WFB have is "not sufficient by itself to support intervention as of right[.]" *Prete v. Bradbury*, 438 F.3d 949, 958 n.13 (9th Cir. 2006).

about the most economical water purity standards, *see Ante* at 3, but that has nothing to do with whether the EPA is statutorily allowed to approve Washington's pollution management plan or continue providing grant money.

The majority's analysis is contrary Rule 24's express requirements, allowing intervention *as a matter of right* simply because WCA and WFB are beneficiaries of certain grant funding. This rationale overlooks that there are scores of federal programs that either benefit or regulate millions of Americans; it is simply unworkable to allow any interested party to intervene any time a federal program is in the crosshairs. Yet the majority offers no limiting principle. Under its reasoning, beneficiaries who can claim a unique interest in a federal program must be allowed to intervene as of right—regardless of whether that interest is marginal or distinct in the context of the litigation. The majority's ruling invites truly unworkable case management problems.

Rule 24(a) was designed to allow necessary parties to intervene, *see* Fed. R. Civ. P. 24(a) advisory committee's note to 1966 amendment, not open the door to cumulative arguments from redundant parties. Because the majority's decision defies the terms of Rule 24(a)(2), I respectfully dissent.