**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION,<br><br>------------------------------<br><br>SEAN HARTRANFT,<br><br>               Movant-Appellant,<br><br>  v.<br><br>MIDLAND FUNDING, LLC; et al.,<br><br>               Defendants-Appellees. | No.    19-56390<br><br>D.C. No.<br>3:11-md-02286-MMA-MDD<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted November 16, 2020[**]
Pasadena, California

Before:  FERNANDEZ, PAEZ, and OWENS, Circuit Judges.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Sean Hartranft moved to intervene in multidistrict litigation in which Appellees (collectively, "Midland") are the defendants. The district court denied the motion as untimely. Hartranft timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. We review de novo the denial of a party's motion to intervene as a matter of right, except for the issue of timeliness, which we review for an abuse of discretion. *NAACP v. New York*, 413 U.S. 345, 366 (1973); *Cnty. of Orange v. Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986).

Federal Rule of Civil Procedure 24(a) provides that "[o]n timely motion, the court must permit" the intervention of an applicant who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Although Rule 24 is construed broadly in favor of intervenors, *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (en banc), the applicant bears the burden of showing that each of the elements is met, *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006).

Timely filing is a "threshold requirement" for intervention as of right. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (citation omitted). We evaluate three factors to determine the timeliness of a

2

motion to intervene: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Cal. Dep't of Toxic Substances Control v. Com. Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002) (citation omitted). The district court thoroughly considered these factors and denied Hartranft's motion to intervene.

"A party seeking to intervene must act as soon as he knows or has reason to know that his interests might be adversely affected by the outcome of the litigation." *United States v. Oregon*, 913 F.2d 576, 589 (9th Cir. 1990) (internal quotation marks and citation omitted). "Mere lapse of time alone is not determinative" of how the court must consider the stage of the proceedings when assessing timeliness. *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) (citation and alteration omitted). Instead, timeliness is determined by the totality of the circumstances.

Hartranft filed his motion to intervene seven years after the MDL action was initiated and fourteen months after he filed his separate, related action against Midland. Although motions for summary judgment and class certification were not yet due and depositions not yet completed in the MDL, the first phase of discovery had been completed by the time Hartranft moved to intervene. The district court therefore did not abuse its discretion in concluding that the motion to intervene was untimely filed. *See Wilson*, 131 F.3d at 1302.

**AFFIRMED.**