**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CAROLYN D. CALLAHAN, on behalf
of herself and all others similarly
situated,
                      *Plaintiff-Appellee*,

v.

BROOKDALE SENIOR LIVING
COMMUNITIES, INC., a Delaware
corporation; BROOKDALE EMPLOYEE
SERVICES, LLC, a Delaware
corporation; BROOKDALE EMPLOYEE
SERVICES CORPORATE, LLC, a
Delaware corporation;
SUMMERVILLE AT ATHERTON
COURT, LLC, a Delaware limited
liability company; BROOKDALE
VEHICLE HOLDING, LLC, a Delaware
limited liability company; BKD
PERSONAL ASSISTANCE SERVICES,
LLC, a Delaware limited liability
company; EMERITUS CORPORATION,
a Washington corporation;
BROOKDALE LIVING COMMUNITIES,
INC., a Delaware corporation; BKD
TWENTY-ONE MANAGEMENT
COMPANY, INC., a Delaware
corporation; BROOKDALE SENIOR
LIVING, INC., a Delaware

No. 20-55603

D.C. No.
2:18-cv-10726-
VAP-SS

corporation; DOES, 1 through 100, Inclusive,

*Defendants-Appellees*,

v.

MISHELLE NEVERSON, Proposed Intervenor,

*Movant-Appellant.*

---

CAROLYN D. CALLAHAN, on behalf of herself and all others similarly situated,

*Plaintiff-Appellee*,

v.

BROOKDALE SENIOR LIVING COMMUNITIES, INC., a Delaware corporation; BROOKDALE EMPLOYEE SERVICES, LLC, a Delaware corporation; BROOKDALE EMPLOYEE SERVICES CORPORATE, LLC, a Delaware corporation; SUMMERVILLE AT ATHERTON COURT, LLC, a Delaware limited liability company; BROOKDALE VEHICLE HOLDING, LLC, a Delaware limited liability company; BKD PERSONAL ASSISTANCE SERVICES, LLC, a Delaware limited liability company; EMERITUS CORPORATION, a Washington corporation; BROOKDALE LIVING COMMUNITIES,

No. 20-55761

D.C. No.
2:18-cv-10726-VAP-SS

ORDER AND AMENDED OPINION

INC., a Delaware corporation; BKD
TWENTY-ONE MANAGEMENT
COMPANY, INC., a Delaware
corporation; BROOKDALE SENIOR
LIVING, INC., a Delaware
corporation; DOES, 1 through 100,
Inclusive,

*Defendants-Appellees*,

v.

MISHELLE NEVERSON, Proposed
Intervenor,

*Movant-Appellant*,

and

NINA REJUSO, Proposed Intervenor;
GENEFLOR SACRO, Proposed
Intervenor,

*Movants*.

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Argued and Submitted July 26, 2021
Pasadena, California

Filed June 29, 2022
Amended July 29, 2022

Before:  Milan D. Smith, Jr. and John B. Owens, Circuit Judges, and Eduardo C. Robreno,[*]  District Judge.

Order;
Opinion by Judge Robreno

---

## SUMMARY[**]

---

### California's Private Attorneys General Act / Intervention

The panel amended its opinion filed on June 29, 2022, affirmed the district court's denial of Mishelle Neverson's motion to intervene, and dismissed Neverson's appeal of the district court's approval of the Private Attorneys General Act ("PAGA") settlement between Carolyn Callahan and her former employer, Brookdale Senior Living Communities, Inc.

Callahan brought the action pursuant to California's PAGA, California Labor Code sections 2698-2699.5, which allows aggrieved employees to recover civil penalties for Labor Code violations on behalf of themselves, the state, or other employees.  Callahan and Brookdale agreed to a settlement.  Neverson, who was a plaintiff in an overlapping PAGA case against Brookdale, filed a motion to intervene in Callahan's action to object to the PAGA settlement.

---

[*] The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

The panel held that Neverson was not a party to Callahan's case and could not appeal the approval of the PAGA settlement.

The panel first considered whether Neverson was entitled to intervene in Callahan's case as a matter of right under Fed. R. Civ. P. 24(a)(2). The panel held that Neverson's motion for intervention as a matter of right failed at the fourth and final prong of the *Wilderness Society v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011), test, which requires that an applicant's interest must be inadequately represented by the parties to the action. Here, Neverson and Callahan had the same interest in this litigation: to obtain civil penalties on behalf of the California Labor & Workforce Development Agency ("LWDA") under PAGA. Given this identity of interest, Neverson needed to make a compelling showing to demonstrate inadequate representation. The panel concluded she failed to make this required showing. Accordingly, the panel affirmed the district court's denial of Neverson's motion to intervene as of right.

The panel next considered whether the district court abused its discretion in denying Neverson permissive intervention under Fed. R. Civ. P. 24(b). The district court held that the discretionary factors governing permissive intervention pointed strongly against intervention: both Callahan and Neverson are deputized agents of the LWDA who assert the interests of the LWDA, and allowing Neverson to intervene would not significantly contribute to the factual development of issues in the case. The panel concluded that the district court did not err in denying Neverson permissive intervention, and affirmed the denial of Neverson's motion to intervene.

Because Neverson's motion to intervene was properly denied, she never became a party to the PAGA action. As a non-party to this action, Neverson had no right to appeal the district court's approval of the PAGA settlement. The panel dismissed her appeal of the settlement approval, and did not consider whether the district court abused its discretion in approving the settlement.

**COUNSEL**

Ryan H. Wu (argued) and Robert K. Friedl, Capstone Law APC, Los Angeles, California, for Movant-Appellant.

Joseph Socher (argued), Los Angeles, California; Andranik Tsarukyan and Armen Zenjiryan, Remedy Law Group LLP, Burbank, California; for Plaintiff-Appellee.

Keith A. Jacoby (argued), J. Kevin Lilly, Shannon R. Boyce, and Jeffrey J. Mann, Littler Mendelson P.C., Los Angeles, California; for Defendants-Appellees.

**ORDER**

The opinion filed on June 29, 2022 (Docket Entry No. 80) is amended by the Opinion filed concurrently with this order. No petitions for rehearing or rehearing en banc will be entertained.

---

**OPINION**

ROBRENO, District Judge:

Carolyn Callahan is a plaintiff in an action brought against Brookdale Senior Living Communities, Inc. ("Brookdale"),[1] her former employer, pursuant to the California Private Attorneys General Act ("PAGA"), Cal. Lab. Code sections 2698–2699.5, which allows aggrieved employees to recover civil penalties for Labor Code violations on behalf of themselves, the state, or other current or former employees. After mediation, Callahan and Brookdale agreed to a settlement. Appellant Mishelle Neverson, who was a plaintiff in an overlapping PAGA case against Brookdale, filed a motion to intervene in Callahan's action. The district court denied Neverson's motion and approved the PAGA settlement in Callahan's case in relevant part. Neverson appeals both the denial of her motion to intervene and the district court's order approving the

---

[1] "Brookdale" is used herein to refer to Brookdale Senior Living Communities, Inc.; Brookdale Employee Services, LLC; Brookdale Employee Services - Corporate, LLC; Summerville at Atherton Court, LLC; Brookdale Vehicle Holding, LLC; BKD Personal Assistance Services, LLC; Emeritus Corporation, Brookdale Living Communities, Inc.; BKD Twenty-One Management Company, Inc.; and Brookdale Senior Living Inc., which are all involved in this litigation.

Callahan settlement. We consolidated these two issues on appeal.

For the reasons set forth below, we affirm the district court's denial of Neverson's motion to intervene. We hold that Neverson is not a party to Callahan's case and may not appeal the approval of the PAGA settlement. Under these circumstances, we have no occasion to consider Neverson's substantive objections to the PAGA settlement.

## FACTUAL AND PROCEDURAL BACKGROUND

Brookdale owns and operates senior living communities throughout the United States. Callahan worked for Brookdale as a concierge from approximately February 2006 to February 2018. On November 26, 2018, she sent the California Labor & Workforce Development Agency ("LWDA") notice of a number of Brookdale's alleged violations of the California Labor Code.

On November 27, 2018, Callahan filed a class action lawsuit against Brookdale in the Los Angeles County Superior Court. The complaint alleged violations of the Labor Code and California's Unfair Competition Law. She did not initially bring a claim under PAGA.

## I.   District Court Proceedings

On December 28, 2018, Brookdale removed the action to federal court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). That same day, Brookdale filed

a notice of six related cases against it that included the action brought by Neverson (the "Related Actions").**²**

Callahan's case did not proceed to litigation. Rather, on January 31, 2019, Callahan and Brookdale filed a stipulation requesting that Callahan's individual claims be stayed and submitted to arbitration, that her class claims be dismissed, and that she be permitted to file an amended complaint asserting a PAGA claim after the notice period to the LWDA had been exhausted. The district court approved the stipulation on February 5, 2019. Callahan filed her amended complaint on February 6, 2019, which dismissed her class claims and added claims under PAGA.

After participating in mediation on the PAGA claim, Callahan and Brookdale agreed to settle Callahan's PAGA claim along with the related PAGA claims of other plaintiffs (including Neverson) that were pending against Brookdale. On October 17, 2019, Callahan sent an amended letter to the LWDA notifying it that the parties intended to resolve Callahan's PAGA action and all related PAGA actions against Brookdale, including Neverson's action. The LWDA did not elect to investigate or prosecute the Labor Code violations alleged in Callahan's original or amended notice letters during the statutorily provided sixty-day period. *See* Cal. Lab. Code § 2699.3(a)(2)(A).

---

**²** Pursuant to the Central District of California's Local Rule of Civil Procedure 83-1.3.1, parties are required to file a Notice of Related Cases whenever two or more cases filed in the Central District "arise from the same or a closely related transaction, happening, or event," "call for determination of the same or substantially related or similar questions of law and fact," or "for other reasons would entail substantial duplication of labor if heard by different judges." C.D. Cal. R. 83-1.3.1(a)–(c).

On October 21, 2019, Callahan and Brookdale filed a Joint Notice of Settlement advising the district court they had settled the case as to all parties and causes of action. Three days later, Neverson filed a notice of intent to intervene to object to the PAGA settlement.

On February 13, 2020, Callahan filed a second amended complaint, which sought PAGA penalties based on predicate violations of Labor Code sections 201, 202, 203, 203.1, 222.5, 226, 226.7, 510, 512, 558, 1174, 1194, 1194.2, 2802, 2810.5 and Wage Order No. 4-2001. The second amended complaint also added all the named defendants from the Related Actions.

On March 4, 2020, Callahan and Brookdale filed a joint motion for approval of the PAGA settlement. Their proposed settlement was based on a Gross Settlement Fund of $920,000. The funds were allocated as follows: $417,240.72 to the LWDA, $139,080.24 to the aggrieved employees, $46,000.00 in administration costs, $306,666.67 in attorneys' fees, $8,512.36 in litigation costs and expenses, and $2,500.00 as a service award for Callahan as the named plaintiff.[3]

On March 13, 2020, Neverson filed her motion to intervene. On May 20, 2020, the district court denied her motion. The district court denied Neverson's intervention as a matter of right under Federal Rule of Civil Procedure 24(a) because she had "not cited, and the Court ha[d] not found, any cases in which a court has granted intervention as of right in a PAGA settlement." *Callahan v. Brookdale Senior*

---

[3] By statute, the amount awarded to the LWDA equals 75% of the settlement fund after costs and attorneys' fees, with the remaining 25% allocated to the aggrieved employees. *See* Cal. Lab. Code § 2699(i).

*Living Cmtys., Inc.*, No. 2:18-cv-10726-VAP-SSx, 2020 WL 4904653, at \*4 (C.D. Cal. May 20, 2020). In considering whether to grant permissive intervention pursuant to Rule 24(b), the court found (1) that it had jurisdiction to permit intervention, (2) that Neverson's motion to intervene was timely, and (3) that there were common questions of law and fact between Neverson's and Callahan's claims. But the court ultimately denied permissive intervention because Neverson and Callahan represented the same legal interest and because "permitting intervention would not contribute to the factual development of issues in the case." *Id.* at \*5.

On July 7, 2020, the district court entered an order granting in part the joint motion for approval of the PAGA settlement. The court approved the settlement amount, but reduced the amount allocated for attorneys' fees from $306,666.67 to $230,000.00.

Neverson timely appealed both the order denying her motion to intervene and the district court's order approving the PAGA settlement. We consolidated her two appeals on September 4, 2020.

## II. Developments on Appeal

Neverson raises three arguments on appeal: (1) that she is entitled to intervene in Callahan's PAGA action as a matter of right; (2) that the district court abused its discretion in denying her permissive intervention; and (3) that the district court abused its discretion in finding that the PAGA settlement is fundamentally fair, adequate, and reasonable.

After the initial briefing was completed in this case, we issued two decisions that inform our judgment here. First, *Magadia v. Wal-Mart Associates, Inc.*, 999 F.3d 668 (9th Cir. 2021), held that a plaintiff seeking penalties under

PAGA for California labor law violations must satisfy the traditional Article III standing requirement of an injury in fact. *See id.* at 677–78. After the *Magadia* decision was filed, we directed the parties to file supplemental briefs to address its impact on the motion to intervene, Callahan's standing to bring the PAGA suit, and Neverson's standing to object to the PAGA settlement.

Second, we decided *Saucillo v. Peck*, 25 F.4th 1118 (9th Cir. 2022), holding, as relevant here, that an objector to a PAGA settlement who was not a party to the underlying litigation may not appeal the approval of the settlement. *Id.* at 1122. The *Peck* opinion notes that unlike a class action, "[t]here is no individual component to a PAGA action because *every* PAGA action is a representative action on behalf of the state." *Id.* at 1126–27. And because objectors to a PAGA settlement have no individual stake in the action, they "are not 'parties' to a PAGA suit in the same sense that absent class members are 'parties' to a class action." *Id.* at 1127. We consequently dismissed the non-party objector's appeal because "[t]he rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." *Id.* at 1126 (quoting *United States ex rel. Alexander Volkhoff, LLC v. Janssen Pharmaceutica N.V.*, 945 F.3d 1237, 1241 (9th Cir. 2020)).

After *Peck* was decided, we also ordered the parties here to file supplemental briefs discussing its impact on this case. We specifically requested that the parties address (1) whether someone that has been allowed to intervene in a PAGA lawsuit or was improperly denied the opportunity to do so is a "party to the lawsuit" entitled to file an appeal, and (2) whether Neverson was still such a party assuming, *arguendo*, that she was properly denied permission to intervene.

We have reviewed the parties' supplemental briefs and letters directing us to additional authorities.[4]

## STANDARD OF REVIEW

We review de novo a district court's denial of a motion to intervene as a matter of right, with the exception of a denial based on timeliness, which is reviewed for abuse of discretion. *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (citing *United States v. Oregon*, 913 F.2d 576, 587 (9th Cir. 1990)).

We review a district court's denial of a motion for permissive intervention for abuse of discretion. *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (citing *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1307 (9th Cir. 1997)).

We also review a district court's approval of a PAGA settlement for abuse of discretion. *Roes v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1043 (2019) (applying "clear abuse of discretion" standard to review of a settlement involving class and PAGA claims). "A court abuses its discretion when it fails to apply the correct legal standard or bases its decision on unreasonable findings of fact." *Id.* (quoting *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011)).

---

**[4]** The parties' respective motions for judicial notice (No. 20-55603 Docket Entry Nos. 13, 24, 47, 55; No. 20-55761 Docket Entry Nos. 9, 20, 43, 51) are **GRANTED**.

**DISCUSSION**

## I.   Motion to Intervene as a Matter of Right

We first consider whether Neverson was entitled to intervene in Callahan's case as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2).

Rule 24(a)(2) requires a court to permit intervention of right by a movant who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." We apply the following four-part test when analyzing a motion to intervene of right under Rule 24(a)(2):

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)).

"In evaluating whether these requirements are met, courts 'are guided primarily by practical and equitable considerations.'" *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (quoting *Donnelly v.*

*Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). Courts construe Rule 24(a) "broadly in favor of proposed intervenors." *Id.* (quoting *United States ex. rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992)).

We assume without deciding that Neverson's motion to intervene was timely, and that Neverson has an interest in recovering penalties pursuant to PAGA that is sufficient to satisfy prongs two and three of the test articulated above. Even with these assumptions, Neverson's motion for intervention as a matter of right fails at the fourth and final prong of the *Wilderness Society* test.

We consider three factors in deciding whether a present party adequately represents the interests of a prospective intervenor:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (citing *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986)). If the proposed intervenor's interest is "identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation."[5] *Id.* (citation omitted). Neverson

---

[5] We have held that "[w]hen an applicant for intervention and an existing party have the same ultimate objective, a presumption of

and Callahan have the same interest in this litigation: to obtain civil penalties on behalf of the LWDA under PAGA. Therefore, given this identity of interest, Neverson must make a compelling showing to demonstrate inadequate representation. We conclude she has failed to make the required showing.

Neverson's primary contention is that her interests are not adequately represented because the PAGA settlement amount is too small. She claims that Callahan miscalculated the maximum PAGA penalties and unreasonably discounted them in agreeing to the settlement. But she provides no basis for her own calculation of the total penalties under PAGA and no basis for her contention that Callahan's valuation of the penalties was incorrect.

Neverson's argument that Callahan should not have settled the PAGA action for the agreed-upon amount

---

adequacy of representation arises." *Arakaki*, 324 F.3d at 1086 (citing *League of United Latin Am. Citizens*, 131 F.3d at 1305). We note that the Supreme Court's recent opinion in *Berger v. North Carolina State Conference of the NAACP*, 142 S. Ct. 2191 (2022), calls into question whether the application of such a presumption is appropriate. However, as noted above, Neverson and Callahan have not only the same ultimate objective but *identical* interests in this action. Consequently, we need not apply the "same ultimate objective" presumption; we instead rely upon our rule that a proposed intervenor must make a compelling showing of inadequate representation when her interest is identical to that of an existing party. *See Arakaki*, 324 F.3d at 1086. This "identity of interest" rule remains on firm legal footing after *Berger*. *See Berger*, 142 S. Ct. at 2204 (acknowledging that some lower courts apply "a presumption of adequate representation in cases where a movant's interests are identical to those of an existing party," but declining to decide the viability of such a rule because it was inapplicable to the record before it).

Because we do not apply the "same ultimate objective" rule here, we offer no opinion as to whether it remains good law in light of *Berger*.

ultimately amounts to a disagreement over litigation strategy. And "[w]hen a proposed intervenor has not alleged any substantive disagreement between it and the existing parties to the suit, and instead has rested its claim for intervention entirely upon a disagreement over litigation strategy or legal tactics, courts have been hesitant to accord the applicant full-party status." *League of United Latin Am. Citizens*, 131 F.3d at 1306 (citations omitted). Therefore, Neverson's assertion that she would not have agreed to the settlement is insufficient to show that Callahan did not adequately represent her interests.

Neverson also argues that her interests were not adequately represented because her case was formally litigated and Callahan's was not. However, Callahan still obtained significant informal discovery prior to mediation, including copies of all of Brookdale's relevant policies and procedures, three years' worth of time and payroll data for a group of over 17,000 employees, and copies of related PAGA actions currently pending against Brookdale in California. Callahan also had access to the discovery produced in Neverson's case and two other related cases. Under these circumstances, we are not persuaded by Neverson's assertion that the absence of formal litigation in Callahan's case left Callahan unable to adequately represent Neverson's interests.

Neverson further argues that Callahan was not properly deputized to pursue certain claims that were a part of the settlement due to the statute of limitations having run on those claims. However, even if Neverson is right, she does not establish that *she* is the proper party to pursue the claims for which Callahan was not properly deputized. In light of this failure, whether Callahan was properly deputized to pursue certain claims she settled on behalf of the state is not

relevant to whether Callahan adequately represented Neverson's interests based on the three relevant factors. While the argument that Neverson was not properly deputized to pursue certain claims may be relevant to whether the district court abused its discretion in approving the settlement, we do not reach this issue on appeal.

For these reasons, we conclude that Neverson has failed to make the required showing that Callahan did not adequately represent her interests. We therefore affirm the district court's denial of her motion to intervene as of right.

## II.  Permissive Intervention

We next consider whether the district court abused its discretion in denying Neverson permissive intervention. Under Federal Rule of Civil Procedure 24(b), a district court has discretion to permit intervention when the movant presents "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found, Inc.*, 644 F.3d at 843 (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992)).

"If the trial court determines that the initial conditions for permissive intervention under rule 24(b)(1) or 24(b)(2) are met, it is then entitled to consider other factors in making its discretionary decision on the issue of permissive intervention." *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977). The relevant additional factors include the following:

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to

advance, and its probable relation to the merits of the case. The court may also consider whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Id.* (footnotes omitted); *see also Donnelly*, 159 F.3d at 412 (describing these *Spangler* factors as "nonexclusive").

The district court found that the three initial conditions for permissive intervention were met here but that "the discretionary factors governing intervention counsel strongly against intervention." The district court first noted that because both Callahan and Neverson are deputized agents of the LWDA who assert the interests of the LWDA, they represent the same legal right and interest in the PAGA action. The district court next found that allowing Neverson to intervene would not significantly contribute to the factual development of issues in the case since Callahan had access to all discovery obtained in Neverson's case and other related cases.

Neverson first argues that the fact that she and Callahan both represent the interests of the LWDA cannot be dispositive and should not have been considered in the district court's analysis of the *Spangler* discretionary factors. She asserts that if this were dispositive, a PAGA plaintiff

could never be granted permissive intervention in an overlapping PAGA action under Rule 24(b)(2). This result, she argues, would be contrary to the policy interests behind PAGA. But *Spangler* explicitly provides that the court may consider, *inter alia*, "the nature and extent of the intervenors' interest . . . [and] whether the intervenors' interests are adequately represented by other parties." 552 F.2d at 1329. And in any event, this factor was not dispositive in the district court's analysis, as the court also considered whether Neverson would "significantly contribute to full development of the underlying factual issues in the suit." *Id.* Thus, contrary to Neverson's assertions, it does not follow from the district court's decision that a PAGA plaintiff can never be granted permissive intervention in an overlapping PAGA case.

Neverson also argues that she should be granted permissive intervention because her independent analysis of the value of the PAGA claims would significantly contribute to the factual development of Callahan's case. But again, Neverson promises much and delivers little. Indeed, she provides no factual basis for her determination that Callahan miscalculated the maximum PAGA penalties. Under these circumstances, the district court did not abuse its discretion in finding that Neverson would not significantly contribute to the factual issues in the case.

For these reasons, we conclude that the district court acted within its discretion in denying Neverson permissive intervention. We accordingly affirm the denial of Neverson's motion to intervene.

## III.    Right to Appeal the Approval of the PAGA Settlement

Because Neverson's motion to intervene was properly denied, she never became a party to the PAGA action. And as a non-party to this action, she has no right to appeal the district court's approval of the PAGA settlement. *See Peck*, 25 F.4th at 1128.

Neverson argues that she has a right to appeal the settlement because "the weight of California authority supports non-parties having a substantive right to intervene in overlapping PAGA suits." As an initial matter, we note that two of the three California state cases Neverson cites are consistent with this opinion. *See Turrieta v. Lyft, Inc.*, 284 Cal. Rptr. 3d 767, 778 (Ct. App. 2021) (affirming the trial court's denial of intervention and finding that the proposed intervenors had no right to appeal the approval of the PAGA settlement); *Uribe v. Crown Bldg. Maint.*, 285 Cal. Rptr. 3d 759, 770–72 (Ct. App. 2021), *as amended* (Oct. 26, 2021) (allowing an intervenor to challenge a PAGA settlement on appeal where the trial court granted intervention and that decision to allow intervention was not challenged on appeal). And to the extent that *Moniz v. Adecco USA, Inc.*, 287 Cal. Rptr. 3d 107 (Ct. App. 2021), is inconsistent with our holding here, we note that *Moniz* involved the application of California procedural rules while we apply federal procedural rules in this case. *Compare id.* at 121 ("For purposes of appellate standing, an unnamed party may become a party to an action through intervention (Code Civ. Proc., § 387) *or* by filing an appealable motion to set aside and vacate the judgment." (emphasis added)), *with Robert Ito Farm, Inc. v. Cnty. of Maui*, 842 F.3d 681, 687 (9th Cir. 2016) ("[A] prospective intervenor does not

become a party to the suit unless and until he is allowed to intervene.").

The well-settled rule in federal court, as we noted in *Peck*, is that "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment[.]" 25 F.4th at 1126 (quoting *Volkhoff*, 945 F.3d at 1241). Though we have occasionally allowed a non-party to appeal when "'exceptional circumstances' warrant a departure from this general rule," *id.* at 1129 (citation omitted), Neverson does not argue that such circumstances are present here.

Because Neverson lacks the right to appeal the PAGA settlement, we dismiss her appeal of the settlement approval and do not consider whether the district court abused its discretion in approving the settlement. *See Peck*, 25 F.4th at 1128.

## CONCLUSION

For the foregoing reasons, as to the first appeal, we affirm the district court's denial of Neverson's motion to intervene. We dismiss Neverson's second appeal of the district court's approval of the PAGA settlement because we conclude that she has no right to appeal.

**AS TO THE FIRST APPEAL, AFFIRMED; AS TO THE SECOND APPEAL, DISMISSED.**