Filed 4/20/23

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| FRIENDS OF OCEANO DUNES, | 2d Civil No. B320491 (Super. Ct. No. 21CV-0214) (San Luis Obispo County) |
| Plaintiff and Respondent, | |
| v. | |
| CALIFORNIA COASTAL COMMISSION, | |
| Defendant; | |
| DEPARTMENT OF PARKS AND RECREATION, | |
| Defendant and Real Party in Interest; | |
| COUNTY OF SAN LUIS OBISPO, | |
| Real Party in Interest; | |
| NORTHERN CHUMASH TRIBAL COUNCIL et al., | |
| Movants and Appellants. | |

| | |
|---|---|
| ECOLOGIC PARTNERS et al., | (Super. Ct. No. 21CV-0219) |
| Plaintiffs and Respondents, | (San Luis Obispo County) |
| v. | |
| CALIFORNIA COASTAL COMMISSION et al., | |
| Defendants; | |
| COUNTY OF SAN LUIS OBISPO, | |
| Real Party in Interest. | |
| FRIENDS OF OCEANO DUNES, | (Super. Ct. Nos. 21CV-0246, 21CV-0541) |
| Plaintiff and Respondent, | (San Luis Obispo County) |
| v. | |
| CALIFORNIA COASTAL COMMISSION, | |
| Defendant; | |
| DEPARTMENT OF PARKS AND RECREATION et al., | |
| Real Parties in Interest. | |

2

Three community stakeholders moved to intervene in several lawsuits challenging the authority of the California Coastal Commission (Commission) to ban all off-highway vehicle (OHV) use at Oceano Dunes State Vehicular Recreation Area (Oceano Dunes). The trial court denied the motion on the ground that the stakeholders' interests are adequately represented in the litigation.

We conclude that where a nonparty has interests in the outcome of a civil action that are identical to those of a party to the action, the nonparty must make a compelling showing of inadequate representation to be permitted to intervene as of right.

The Northern Chumash Tribal Council, Oceano Beach Community Association, and Center for Biological Diversity (collectively, Appellants) appeal from the order denying their motion to intervene in four petitions for writ of mandate that Friends of Oceano Dunes, EcoLogic Partners, and Specialty Equipment Market Association (collectively, Respondents) filed against the Commission and the Department of Parks and Recreation (Department) (collectively, the State defendants). Appellants contend the trial court erred when it: (1) denied them leave to intervene as of right, (2) denied their request for permissive intervention, and (3) sustained Respondents' evidentiary objections. We affirm.

FACTUAL AND PROCEDURAL HISTORY[1]

The Department established what is now known as Oceano Dunes in 1974. OHVs have operated at the park since its founding. Since 1982, the vehicles have operated subject to a coastal development permit (CDP) issued by the Commission. The CDP has been amended several times over the years to limit access to and protect culturally and environmentally significant areas of Oceano Dunes.

In March 2021, the Commission amended the CDP to phase out the use of OHVs at Oceano Dunes over three years, restrict beach driving and camping to the north end of the park, and close one park entrance. Respondents challenged these amendments in a series of petitions for writ of mandate, alleging the Commission had no authority to adopt them. Alternatively, they alleged that the State defendants violated the California Coastal Act of 1976 (Pub. Resources Code, § 30000 et seq.; Coastal Act) and California Environmental Quality Act (Pub. Resources Code, § 21000 et seq.; CEQA) when doing so.

Respondents subsequently entered into a stipulation with the Department and the County of San Luis Obispo (a real party in interest) to stay implementation of specified CDP amendments pending the outcome of their lawsuits. The Commission did not oppose the stipulation, and the trial court entered an order approving it in December 2021.

---

[1] The statement of facts in Appellants' opening brief relies largely on sources outside the record on appeal, in violation of court rules. (Cal. Rules of Court, rule 8.204(a)(2)(C) [opening brief must "[p]rovide a summary of the significant facts *limited to matters in the record*" (italics added)].) We thus take the facts from Respondents' briefs.

Two months later, Appellants moved to intervene in Respondents' lawsuits against the State defendants. The State defendants did not oppose Appellants' motion, but Respondents did. Respondents also objected to evidence Appellants attached to their reply brief.

The trial court denied Appellants' motion to intervene as of right, concluding that they have the "same ultimate objective[s]" as the State defendants, objectives the State defendants will adequately protect: First, Appellants do not intend to raise any new legal arguments in the litigation or present any additional evidence. Nor do they claim that the State defendants will "take an undesirable legal position" or otherwise fail to "vigorously defend the [CDP] amendment." Second, the amendment "completely addresses and protects all of [Appellants'] claimed interests . . . over any and all competing interests," and there is no indication the State defendants might be "considering a scaled-back amendment at odds" with those interests. Third, Appellants have no "special expertise" concerning the Commission's authority to amend the CDP or the procedures employed when doing so, the sole issues raised in Respondents' writ petitions.

The trial court also denied Appellants' motion for permissive intervention, finding that Appellants' reasons for intervention are "outweighed by the rights of the original parties to conduct their lawsuit on their own terms."

Finally, the trial court sustained Respondents' objection to admitting into evidence a copy of the December 2021 stipulation and order staying portions of the CDP amendment. Appellants offered the stipulation for the first time with their reply brief, affording Respondents no opportunity to respond. The proffered evidence also lacked foundation because it was neither part of a

5

request for judicial notice nor attached to a declaration from counsel.

## DISCUSSION

### *Intervention as of right*

Appellants first contend they have the right to intervene in Respondents' lawsuits because the State defendants cannot and will not adequately protect their interests. State and federal cases are unsettled as to whether the denial of a motion for intervention as of right is reviewed de novo or for abuse of discretion. (*Crestwood Behavioral Health, Inc. v. Lacy* (2021) 70 Cal.App.5th 560, 573-574.) We do not weigh in on the standard-of-review debate here because there was no error under either standard.

A nonparty has the right to intervene in a civil action if they: (1) file a timely application, (2) have "an interest relating to the property or transaction that is the subject of the action," (3) are "so situated that the disposition of the action may impair or impede [their] ability to protect that interest," and (4) show that their interest is not "adequately represented by one or more of the existing parties." (Code Civ. Proc.,[2] § 387, subd. (d)(1)(B).) Only the fourth of these elements is at issue here. We "take guidance from federal law" when evaluating whether it has been met (*Edwards v. Heartland Payment Systems, Inc.* (2018) 29 Cal.App.5th 725, 732), and " ' "are guided primarily by practical and equitable considerations" ' " (*Callahan v. Brookdale Senior Living Communities, Inc.* (9th Cir. 2022) 42 F.4th 1013, 1020 (*Callahan*)). We " 'liberally construe[]' " it (*City of Malibu v. California Coastal Com.* (2005) 128 Cal.App.4th 897, 902),

---

[2] Unlabeled statutory references are to the Code of Civil Procedure.

6

resolving "[a]ny doubt as to whether the existing parties will adequately represent the [nonparty's interest] . . . in favor of intervention" (*California Dump Truck Owners Ass'n v. Nichols* (E.D.Cal. 2011) 275 F.R.D. 303, 307 (*California Dump Truck*)).

Three factors determine whether a party will adequately represent a nonparty's interest: "(1) whether the interest of a present party is such that it will undoubtedly make all of [the nonparty's] arguments[,] (2) whether the present party is capable and willing to make such arguments[,] and (3) whether [the nonparty] would offer any necessary elements to the proceeding that other parties would neglect." (*Callahan*, *supra*, 42 F.4th at p. 1020.) Generally, the burden of satisfying this test is "minimal"; it can be satisfied if the nonparty "shows that representation of [their] interest 'may be' inadequate." (*Trbovich v. United Mine Workers of America* (1972) 404 U.S. 528, 538, fn. 10.) If the nonparty's "interest is 'identical to that of one of the present parties,' " however, " 'a compelling showing [is] required to demonstrate inadequate representation.' " (*Callahan*, at pp. 1020-1021.)

Here, Appellants' interest in this litigation is identical to that of the State defendants: They, like the State defendants, assert that the Commission had the authority to amend the CDP and that the amendment process complied with both the Coastal Act and CEQA. And if the CDP amendment takes effect, the Commission's decision to ban OHVs at Oceano Dunes will completely protect Appellants' concerns about negative impacts on the environment, local citizens, and the Northern Chumash. (Cf. *Callahan*, *supra*, 42 F.4th at p. 1021 [interests identical where party and nonparty seek the same litigation outcome].) Appellants are thus required to make a compelling showing that the State defendants' representation will be inadequate.

7

Appellants maintain that they need not make such a showing because they have different interests than the State defendants: The State defendants are " 'public agenc[ies] that must balance relevant environmental and health interests with competing resource constraints and the interests of various constituencies,' " while they "are 'not required to balance any economic impact against [their] own considerations pertaining to health and environmental protections.' " (Citing *California Dump Truck*, *supra*, 275 F.R.D. at p. 308.) But here, the State defendants are not balancing anything: The issues in this litigation do not center on what the CDP amendments should include or how far they should go; the State defendants have already made those substantive determinations and are now defending their authority to do so in court.

More significantly, Appellants misconstrue the pertinent inquiry. The interests relevant here are not the State defendants' and Appellants' respective interests *in general*, but their interests *in this specific litigation*. (*Callahan*, *supra*, 42 F.4th at p. 1021.) The sole questions at issue are narrow jurisdictional and procedural ones: whether the State defendants had the authority to amend the CDP and, if so, whether the amendment process complied with applicable laws. Appellants and the State defendants both want these questions answered with unqualified "yeses." Whatever substantive differences the two may have generally are not relevant. The "compelling showing" standard applies.

Appellants have not met it. If permitted to intervene, Appellants do not intend to raise any legal arguments in support of the CDP amendment other than those raised by the State defendants. The State defendants are thus ipso facto willing and able to make all of Appellants' arguments. Additionally, the

8

State defendants are not "considering a scaled-back amendment at odds" with Appellants' interests, have not indicated that they will take some other "undesirable legal position" in the litigation, and have not indicated that they will fail to defend the amendment process. And Appellants concede that they have no specialized legal expertise concerning the Commission's authority to amend the CDP or whether the amendment process complied with applicable laws. They have thus failed to make a compelling showing of inadequate representation.

Appellants disagree, asserting that they would have opposed staying implementation of the CDP amendment if permitted to intervene, which demonstrates that the State defendants are not adequately representing their interests. But this assertion "ultimately amounts to a disagreement over litigation strategy." (*Callahan, supra*, 42 F.4th at p. 1021.) "And '[w]hen a [nonparty] has not alleged any substantive disagreement between it and the existing parties to the suit, and instead has rested its claim for intervention entirely upon a disagreement over litigation strategy or legal tactics, courts have been hesitant to accord the [nonparty] full-party status.'" (*Ibid*.) Appellants' "assertion that [they] would not have agreed to the [stay] is insufficient to show that [the State defendants will] not adequately represent [their] interests." (*Ibid*.)

Appellants also claim the State defendants *may* advance different arguments than they would like to see at trial. But they "identify no argument the [State defendants] would not or could not make on [their] behalf, and suggest no 'necessary element' [they] alone could present." (*Southwest Center for Biological Diversity v. Babbitt* (9th Cir. 1998) 150 F.3d 1152, 1154.) Even if they had, intervention requires more than " 'offer[ing] a different angle on the legal questions in [a] lawsuit.' " (*Public Service Co.*

9

*v. Patch* (1st Cir. 1998) 136 F.3d 197, 210.)  Conflicting views on legal strategy do not amount to inadequate representation. (*Callahan*, *supra*, 42 F.4th at p. 1021.)

Appellants also assert that the State defendants have not committed to supporting all their goals, and maintain they possess cultural and ecological knowledge the State defendants do not.  That may very well be true.  But again, what matters for the adequacy-of-representation test is whether the State defendants support Appellants' goals *as they relate to the CDP amendment*, and whether Appellants have knowledge or expertise *relevant to the State defendants' authority and the amendment process*.  (*Callahan*, *supra*, 42 F.4th at p. 1021.)  That Appellants and the State defendants may have diverging interests and expertise on other issues is not a compelling showing of inadequate representation.

The cases on which Appellants rely are not to the contrary. In *California Dump Truck*, *supra*, 275 F.R.D. at page 308, intervention was permitted because there was no identity of interest between the nonparty and government agency given the government's prior weakening of a regulation the nonparty supported.  An analogous scenario has not occurred here.

In *Utah Association of Counties v. Clinton* (10th Cir. 2001) 255 F.3d 1246, 1256, intervention was permitted because the government agencies were "consider[ing] a broad spectrum of views, many of which . . . conflict[ed] with the particular interest of the" nonparty.  And subsequent Tenth Circuit cases explained that the *Utah Association of Counties* rule does not apply where, as here, the government is singularly pursuing an objective that aligns with the nonparty's interests.  (*San Juan County v. United States* (10th Cir. 2007) 503 F.3d 1163, 1204.)  Appellants are thus

adequately represented in the litigation with the State defendants, as the trial court correctly concluded.

Appellants respond that, in reaching this conclusion, the trial court erroneously relied on a " 'presumption of adequacy of representation,' " a presumption that arises when a party and nonparty "have the same ultimate objective" in litigation. (See *Arakaki v. Cayetano* (9th Cir. 2003) 324 F.3d 1078, 1086.) They maintain that recent cases have "call[ed] into question whether the application of such a presumption is appropriate." (*Callahan*, *supra*, 42 F.4th at p. 1021, fn. 5; see *Berger v. N.C. Conf. of the NAACP* (2022) __ U.S. __ [142 S.Ct. 2191].)

But we review a trial court's ruling, not its rationale. (*Ross v. Superior Court* (2022) 77 Cal.App.5th 667, 681.) Here, Appellants and the State defendants "have not only the same ultimate objective but *identical* interests in this action." (*Callahan*, *supra*, 42 F.4th at p. 1021, fn. 5.) "Consequently, we need not apply the 'same ultimate objective' presumption; we instead rely [on the] rule that a [nonparty] must make a compelling showing of inadequate representation when [their] interest is identical to that of an existing party." (*Ibid.*) "This 'identity of interest' rule remains on firm legal footing after *Berger*." (*Ibid.*) And it was satisfied here.

*Permissive intervention*

Appellants next contend the trial court erred when it denied their request for permissive intervention. We disagree.

" 'The purpose of allowing intervention is to promote fairness by involving all parties potentially affected by a judgment.' " (*Lindelli v. Town of San Anselmo* (2006) 139 Cal.App.4th 1499, 1504.) A trial court may therefore "permit a nonparty to intervene in [an] action . . . if the [nonparty] has an interest in the matter in litigation, or in the success of either of

11

the parties, or an interest against both."  (§ 387, subd. (d)(2).)
Intervention will generally be permitted if: " '(1) the proper
procedures have been followed[,] (2) the nonparty has a direct
and immediate interest in the action[,] (3) the intervention will
not enlarge the issues in the litigation[,] and (4) the reasons for
the intervention outweigh any opposition by the parties presently
in the action.' "  (*City and County of San Francisco v. State of
California* (2005) 128 Cal.App.4th 1030, 1036 (*City and County of
San Francisco*).)

Permissive intervention requires "balanc[ing] the interests
of [nonparties] affected by a judgment against the interests of the
original parties in pursuing their case unburdened by others."
(*South Coast Air Quality Management District v. City of Los
Angeles* (2021) 71 Cal.App.5th 314, 320 (*South Coast*).)  A trial
court has "broad discretion" to strike this balance.  (*Ibid.*)  We
will find that the court abused that discretion only if its decision
exceeds the bounds of reason.  (*City and County of San Francisco*,
*supra*, 128 Cal.App.4th at p. 1037.)

The trial court's decision to deny Appellants' request for
permissive intervention did not exceed the bounds of reason
because " 'the rights of the original parties to conduct their
lawsuit on their own terms' " outweighed the reasons for
intervention.  (*People ex rel. Rominger v. County of Trinity* (1983)
147 Cal.App.3d 655, 661.)  Appellants and the State defendants
take the same positions in Respondents' lawsuits.  Those
duplicative positions alone provide a sufficient basis to uphold
the discretionary denial of permissive intervention.  (*South
Coast*, *supra*, 71 Cal.App.5th at p. 320.)

Additionally, permitting Appellants to intervene would add
to an already-expansive action, one with four consolidated writ
petitions; multiple plaintiffs, defendants, and real parties in

12

interest; and significant burdens on the trial court. (*South Coast, supra*, 71 Cal.App.5th at p. 319 [proper to deny intervention where "[s]eating at th[e] table already [is] crowded"].)  It could also serve to delay an action in which Appellants possess no specialized expertise regarding the Commission's authority to amend the CDP.  (*In re Marriage of Kerr* (1986) 185 Cal.App.3d 130, 134 [intervention properly denied where it would delay action].)  And needlessly so: Because this case will be decided on the administrative record, Appellants can offer no new evidence and plan to offer no new legal arguments.  But if Respondents are successful, Appellants *will* be able to offer such evidence and arguments when the State defendants reopen the environmental reviews for the Oceano Dunes CDP amendment.  The balance of relevant factors thus weighs against permissive intervention, as the trial court correctly concluded.

*Evidentiary objections*

Finally, Appellants contend the trial court erred when it sustained Respondents' objection to admitting a copy of the December 2021 stipulation and order staying portions of the CDP amendment.  There was no error.

We review a trial court's decision to exclude evidence for abuse of discretion.  (*People v. Fuiava* (2012) 53 Cal.4th 622, 667-668.)  " 'An abuse of discretion occurs if, in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and results in a miscarriage of justice.' " (*Safeco Ins. Co. of America v. Superior Court* (2009) 173 Cal.App.4th 814, 832.)  " 'We presume that the court properly applied the law and acted within its discretion unless [Appellants'] affirmatively show[] otherwise.' " (*Id.* at pp. 832-833.)

13

Appellants have not made that showing. Appellants offered into evidence an unauthenticated copy of the stipulation, one unaccompanied by a declaration of counsel or request for judicial notice. It is firmly established that a trial court may decline to admit evidence that lacks foundation. (*People v. Prince* (2007) 40 Cal.4th 1179, 1226.) But even if the stipulation did have the requisite foundation, a court may decline to admit evidence offered for the first time with a party's reply papers. (*Jay v. Mahaffey* (2013) 218 Cal.App.4th 1522, 1537 (*Jay*).) That is what the trial court did here.

Appellants counter that a party may offer new evidence on reply if it "fill[s] gaps in the evidence" and supports an argument raised in their opening brief. (*Jay, supra*, 218 Cal.App.4th at p. 1538.) They claim the proffered stipulation supports the argument, raised in their opening brief, that the State defendants cannot or will not adequately represent their interests because they "are 'constrained' to representing broad public interests." But how the stipulation supports that argument Appellants do not explain—except by speculating that the State defendants "might" someday change their positions in this action "in light of [their] broad mandate[s]." Such speculation is undermined by the State defendants' constant, consistent defense of their authority and the CDP amendment process. Because Appellants identify no other "gaps" to which the stipulation might be relevant, we cannot say that the trial court abused its discretion when it declined their request to admit it for the first time on reply.

14

DISPOSITION

The trial court's order denying Appellants' motion for leave to intervene, entered March 21, 2022, is affirmed.  Respondents shall recover their costs on appeal.

CERTIFIED FOR PUBLICATION.

BALTODANO, J.

We concur:

GILBERT, P. J.

YEGAN, J.

Tana L. Coates, Judge

Superior Court County of San Luis Obispo

_____

        Environmental Law Clinic University of California, Irvine School of Law and Michael Robinson-Dorn for Movants and Appellants.

        Law Offices of Thomas D. Roth and Thomas D. Roth for Plaintiff and Respondent Friends of Oceano Dunes.

        Gatzke Dillon & Ballance, David P. Hubbard and Kendall F. Teal for Plaintiffs and Respondents EcoLogic Partners and Specialty Equipment Market Association.