NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARIZONA YAGE ASSEMBLY,
WINFIELD SCOTT STANLEY III,

Plaintiffs,

v.

PAMELA BONDI, Attorney General;
KRISTI NOEM, Secretary, Department of
Homeland Security; RODNEY S. SCOTT,
Commissioner of U.S. Customs and Border
Protection; TERRANCE "TERRY" C.
COLE, Administrator, U.S. Drug
Enforcement Administration,

Defendants - Appellees,

v.

TAYLOR COX, on his own behalf and on
behalf of the Class of Proposed Intervenor
Plaintiffs,

Movant - Appellant.

No. 25-41

D.C. No.
2:20-cv-02373-ROS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted October 24, 2025[]
Phoenix, Arizona

Before: GRABER and BADE, Circuit Judges, and NAVARRO, District Judge.[***]

Taylor Cox, on behalf of a putative class of 5,239 members, donors, and email correspondents of Plaintiff Arizona Yagé Assembly ("AYA"), timely appeals the district court's order denying his motion to intervene as of right[1] in Plaintiffs' Religious Freedom Restoration Act ("RFRA") action.  We review de novo the ground on which the district court denied intervention as of right. Kalbers v. U.S. Dep't of Just., 22 F.4th 816, 822 (9th Cir. 2021).  We affirm.

Plaintiffs adequately represent Cox's interests.  See Fed. R. Civ. P. 24(a)(2); W. Watersheds Project v. Haaland, 22 F.4th 828, 835 (9th Cir. 2022) (stating the necessary elements for intervention as of right).  Generally, proposed intervenors need make only a "minimal" showing that existing parties represent their interests inadequately.  Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir.), as amended (May 13, 2003).  But a presumption of adequate representation arises where, as

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Gloria M. Navarro, United States District Judge for the District of Nevada, sitting by designation.

[1] Cox does not appeal the district court's denial of his alternative motion for permissive intervention, so we do not reach that issue.  See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived.").

here, the proposed intervenor's interests are identical to those of an existing party. Callahan v. Brookdale Senior Living Cmtys., Inc., 42 F.4th 1013, 1020–21, 1021 n.5 (9th Cir. 2022).

Cox seeks to challenge the district court's order requiring Plaintiffs to disclose to Defendants, among other things, the identities of attendees of AYA's ayahuasca ceremonies and putative class members' communications with AYA. Plaintiffs have an identical interest in preventing those disclosures. Plaintiff Winfield Scott Stanley III stated in an affidavit that those disclosures "would destroy" Plaintiff AYA. And Plaintiffs have vigorously opposed the discovery requests at the district court and in petitions for mandamus and certiorari. The presumption that Plaintiffs adequately represent Cox's interests is especially strong because Plaintiff AYA asserts associational standing to represent its members, who comprise a significant portion of Cox's putative class of intervenors. Cf. United States v. City of Los Angeles, 288 F.3d 391, 402 (9th Cir. 2002) (applying the presumption of adequacy where the proposed intervenors "are the exact constituents the United States is seeking to protect in this action").

Cox has not made the "compelling showing" of inadequate representation required to rebut the presumption of adequacy. Callahan, 42 F.4th at 1020–21. Plaintiffs are "capable and willing" to make all of Cox's arguments. Arakaki, 324 F.3d at 1086. Indeed, the district court already considered the merits of Cox's

constitutional objections to discovery when Plaintiffs raised those same objections. Cox argues that, unlike Plaintiffs, he seeks to challenge the discovery order under RFRA and the Administrative Procedure Act. Cox's effort to craft alternative arguments, or to find different procedural routes, does not rebut the presumption of adequate representation. Plaintiffs' extensive challenges to the discovery order reflect their "intention to mount a full and vigorous defense" of Cox's interests in this action. Perry v. Proposition 8 Off. Proponents, 587 F.3d 947, 954 (9th Cir. 2009); see also Salt River Project Agric. Improvement & Power Dist. v. Lee, 672 F.3d 1176, 1180 (9th Cir. 2012) (considering whether existing parties would "make any reasonable argument" that intervenors would make).

Finally, Cox's argument that Plaintiffs are inadequate representatives because he alone would be entitled to an interlocutory appeal of a discovery order under Perlman v. United States, 247 U.S. 7 (1918), is misplaced. Perlman does not apply to discovery orders, like the one here, that are directed at parties to the litigation. See Church of Scientology of Cal. v. United States, 506 U.S. 9, 18 n.11 (1992) (distinguishing, with respect to Perlman, between "discovery orders directed at parties and . . . discovery orders directed at disinterested third parties").

Because Cox's failure to show inadequacy of representation is fatal to his Rule 24(a)(2) motion, we need not consider the remaining elements of intervention as of right. Perry, 587 F.3d at 950.

25-41

**AFFIRMED.**