**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**



JUN 6 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SEVAG CHALIAN; SIGFREDO CABRERA; ENKO TELAHUN; CHRISTINE MCNEELY, as individuals, on behalf of themselves, and all other persons similarly situated,<br><br>　　　　Plaintiffs-Appellees,<br><br>　v.<br><br>TRENT ANDREWS; CYNTHIA CARDENAS; VICTORIA COSIO; ELIZABETH GARCIA; RYAN HYAMS,<br><br>　　　　Objectors-Appellants,<br><br>　v.<br><br>CVS PHARMACY, INC, a Rhode Island corporation; CVS RX SERVICES, INC, a New York corporation; GARFIELD BEACH CVS, LLC, a California limited liability company,<br><br>　　　　Defendants-Appellees. | No.　21-55817<br><br>D.C. No.<br>2:16-cv-08979-AB-AGR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

---

　　*　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted October 17, 2022
Submission Vacated October 24, 2022
Resubmitted June 6, 2025
San Francisco, California

Before:  CHRISTEN, BUMATAY, and DESAI, Circuit Judges.
Partial Dissent by Judge BUMATAY.

Ryan Hyams, Trent Andrews, Cynthia Cardenas, Victoria Cosio, and Elizabeth Garcia appeal the district court's order denying their objections to a proposed settlement agreement in this consolidated wage-and-hour class action against CVS.  Because the parties are familiar with the facts, we recount them only as necessary.  We have jurisdiction under 28 U.S.C. § 1291.  We conclude that the district court abused its discretion by approving the portion of the settlement involving claims under California's Private Attorneys General Act (PAGA), and vacate and remand to the district court for further consideration.  *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (stating settlement "must stand or fall *in its entirety*" (citation omitted)).

We review the district court's approval of a pre-class certification settlement for clear abuse of discretion.  *Saucillo v. Peck*, 25 F.4th 1118, 1129 (9th Cir. 2022) ("Such review is extremely limited, and we will affirm if the district judge applies the proper legal standard and his findings of fact are not clearly erroneous." (citation omitted)).  Questions regarding Article III standing are reviewed *de novo*.  *In re Zappos.com, Inc.*, 888 F.3d 1020, 1024 (9th Cir. 2018).

1. Objectors Andrews, Cardenas, Cosio, and Garcia[1] argue that the district court abused its discretion by approving the settlement and release of the putative class's claims pursuant to Rule 23. The district court found that only one of these objectors, Trent Andrews, had "clear standing" to object, and the court considered Andrews' objections. Those objections center on the scope of the release, class counsel's valuation of the claims, and the adequacy of the relief.

Concerning the class claims, we see no error. Nothing suggests that the district court failed to comprehensively examine the record for all fairness factors and potential signs of collusion. The court considered the fairness factors and indicators of possible collusion and gave reasoned responses to the objections. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 948–49 (9th Cir. 2015); *see also Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012). Under our "extremely limited" review, the district court applied "the proper legal standard and his findings of fact are not clearly erroneous." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 940 (citation omitted).

Similarly, the district court reviewed objections to class counsel's performance and the adequacy of relief and appropriately considered the evidence underpinning those objections. More specifically, the court considered class

---

[1] Hyams only appeals the portion of the settlement that addresses the PAGA claims.

3

counsel's discovery methods, time-billing practices, and claim-specific valuation theories. Under this court's case law, the district court must evaluate the strength of the class plaintiffs' case "in its entirety rather than on a claim-by-claim basis." *Lane v. Facebook, Inc.*, 696 F.3d 811, 823 (9th Cir. 2012). Here, Andrews does not establish that the district court clearly abused its discretion in approving the class settlement. *Id.*

2. Hyams and the other objectors (*Hyams* plaintiffs) separately argue that they have a right to appeal the portion of the settlement regarding claims arising from PAGA, as proposed intervenors or as interested non-parties. A competing PAGA claimant does not have the right to appeal the fairness of another PAGA claimant's settlement of overlapping claims. *Saucillo*, 25 F.4th at 1126–28. We therefore affirm the district court's approval of the settlement as to the overlapping PAGA claims, *i.e.*, those for which the *Cabrera* plaintiffs satisfied the PAGA notice requirements of California Labor Code § 2699.3. *See Williams v. Superior Court*, 398 P.3d 69, 79 (Cal. 2017).

3. The *Hyams* plaintiffs do have the right to appeal the release of the three PAGA claims that did not overlap with the original *Cabrera* complaint ("non-overlapping claims"), because only the *Hyams* plaintiffs satisfied PAGA's notice requirements before pursuing those claims. *See* Cal. Lab. Code § 2699.3. These claims, originally asserted only by the *Hyams* plaintiffs, alleged violations of: (1) the

4

sick-days notice provision of California Labor Code § 246(i); (2) the rest-day provisions in California Labor Code §§ 551–552; and (3) the pharmacy-maximum-work provisions in California Labor Code §§ 850–851. When the *Chalian/Cabrera* plaintiffs executed the proposed settlement agreement with CVS on March 2, 2020, they agreed to release the non-overlapping claims, even though they had not obtained authorization from the State to pursue them, *see* Cal. Lab. Code § 2699.3, and the settling plaintiffs had not litigated the merits of these claims, save the limited discovery they engaged in during the settlement process itself.

The *Hyams* plaintiffs only learned that the *Chalian/Cabrera* settlement agreement would contain their unique claims on June 4, 2020, when CVS's counsel sent Hyams's counsel a copy of the *Chalian/Cabrera* settlement agreement. The *Hyams* plaintiffs moved to intervene the following day. The *Chalian/Cabrera* plaintiffs then filed a Second Amended Consolidated Complaint on July 3, 2020 to include, for the first time, the non-overlapping PAGA claims they had agreed to release as part of the settlement.

We conclude in a simultaneously filed memorandum disposition[2] that the district court erred by denying the *Hyams* plaintiffs' motion to intervene as a matter of right because the settlement included three non-overlapping PAGA claims that

---

[2] *Chalian v. CVS Pharmacy, Inc.*, No. 20-55916 (9th Cir. June 6, 2025).

5

the *Chalian/Cabrera* plaintiffs did not notice or litigate, and the Hyams plaintiffs are the State's only proxy entitled to pursue and settle the sick-days-notice, rest-days, and pharmacy-maximum-work claims. As intervenors, the *Hyams* plaintiffs would be parties "entitled to seek review" of those portions of the settlement agreement that relate to the non-overlapping PAGA claims.[3] *Organized Vill. of Kake v. U.S. Dep't of Agric.*, 795 F.3d 956, 963 (9th Cir. 2015) (en banc) (alteration adopted) (quoting *Diamond v. Charles*, 476 U.S. 54, 68 (1986)); *cf. Saucillo*, 25 F.4th at 1128–29.

4. The district court reasoned that because other aggrieved employees are bound by PAGA settlements and may not opt out, the *Hyams* plaintiffs do not have standing to object to the PAGA portion of the settlement. We disagree with the district court's conclusion that the *Hyams* plaintiffs lack standing. They had the right to intervene for the non-overlapping claims. *See Organized Vill. of Kake*, 795 F.3d at 963. The intervenors also satisfy their Article III standing requirements to pursue the three non-overlapping PAGA claims. *See id.*

"When the original defendant does not appeal, 'the test [for Article III

---

[3] We conclude that the *Hyams* plaintiffs should have been allowed to intervene and would thus be parties to the appeal, but we would reach the same result under the *Hyams* plaintiffs' alternative argument that "exceptional circumstances" warrant an appeal from a nonparty. *See U.S. ex rel. Alexander Volkhoff, LLC v. Janssen Pharmaceutica N.V.*, 945 F.3d 1237, 1241 (9th Cir. 2020) (describing "exceptional circumstances" exception).

standing] is whether the intervenor's interests have been adversely affected by the judgment.'" *Id.* (quoting *Didrickson v. U.S. Dep't of Interior,* 982 F.2d 1332, 1338 (9th Cir. 1992)). The parties do not dispute that the *Hyams* plaintiffs are CVS employees injured by CVS's alleged labor code violations. *Cf. Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 678 & nn. 6–7 (9th Cir. 2021) (indicating that aggrieved employees have standing to bring a PAGA claim if they personally suffered an injury from alleged violations). The *Hyams* plaintiffs have a concrete and particularized interest in pursuing their objections to the resolution of the non-overlapping PAGA claims that only they were statutorily authorized to pursue.[4] *Uribe v. Crown Bldg. Maint. Co.,* 285 Cal. Rptr. 3d 759, 764, 771 (Ct. App. 2021) (holding that a successful intervenor had standing to appeal approval of a PAGA settlement because she had an "immediate, pecuniary, and substantial" interest in preserving and advancing her PAGA cause of action and the settlement would eliminate her PAGA claims (citation omitted)), *as modified on denial of reh'g* (Oct. 26, 2021). As the district court noted, the PAGA statutory scheme does not permit PAGA class members to opt out, and members of the PAGA class are bound by any settlement. *Uribe*, 285 Cal. Rptr. 3d at 771 (citing *Robinson v. S. Cntys. Oil Co.*, 267 Cal. Rptr.

---

[4] "PAGA 'deputizes employees harmed by labor violations to sue on behalf of the state and collect penalties, to be shared with the state and other affected employees.'" *Uribe*, 285 Cal. Rptr. 3d at 773 (quoting *Brown v. Ralphs Grocery Co.*, 239 Cal. Rptr. 3d 519, 527 (Ct. App. 2018) (cleaned up)); *Williams*, 398 P.3d at 79.

3d 633, 638 (Ct. App. 2020)). The proposed settlement agreement releases at least one non-overlapping claim for no consideration, and the *Hyams* plaintiffs will be bound by the resolution of non-overlapping claims if the settlement is approved. Because the *Hyams* plaintiffs stand to be "adversely affected" by the approval of the settlement, they have standing to appeal. *See Organized Vill. of Kake*, 795 F.3d at 963 (citation omitted).

5. The district court considered the *Hyams* plaintiffs' objection that the *Chalian/Cabrera* plaintiffs did not have authority to settle PAGA claims without having satisfied the statutory notice requirements of California Labor Code § 2699.3. California courts are split on whether parties can settle an unnoticed PAGA claim.[5]

---

[5] *Compare Uribe*, 285 Cal. Rptr. 3d at 775 (holding that because the settling party had "no basis to sue" on an PAGA unnoticed claim, any settlement could not include the unnoticed PAGA claim, and the trial court "could not enter judgment confirming such a settlement"); *with Moniz v. Adecco USA, Inc.*, 287 Cal. Rptr. 3d 107, 131 (Ct. App. 2021) (holding a PAGA settlement can extinguish PAGA claims that were not specifically listed in the PAGA notice "where those claims involve the same primary right litigated" in noticed PAGA claims), *overruled in part by Turrieta v. Lyft, Inc.*, 552 P.3d 835 (Cal. 2024). The parties cite to unpublished federal district court cases that have reached different conclusions on the issue, with some following the *Uribe* line of reasoning and some following the *Moniz* line of reasoning. The California Supreme Court decision in *Turrieta v. Lyft* dealt exclusively with "overlapping," "duly deputized," or "identical" claims in the context of a motion to intervene. 552 P.3d at 849–50. It expressly declined to consider the implications of a plaintiff settling unnoticed claims for which no notice was given to the state. *Id.* at 844 n.7. We have previously observed that allowing parties to settle an unnoticed PAGA claim "may be relevant to whether the district court abused its discretion in approving the settlement," but have not reached that issue. *Callahan v. Brookdale Senior Living Cmtys., Inc.*, 42 F.4th 1013, 1022 (9th Cir. 2022).

8

In the absence of binding case law, we "give our best guess" as to how the California Supreme Court would decide the issue, "understanding that 'California, of course, remains free to tell us if, in this respect, we were wrong.'" *Curiel v. Miller*, 830 F.3d 864, 878 (9th Cir. 2016) (en banc) (Bybee, J., concurring) (quoting *Evans v. Chavis*, 546 U.S. 189, 200 (2006)).

Recently, the California Supreme Court reiterated that PAGA was enacted "to remedy systemic underenforcement of many worker protections" and to allow private plaintiffs "to assist [the state] with labor law enforcement." *Turrieta*, 552 P.3d at 848 (quoting *Williams*, 398 P.3d at 74, 78). The California Labor Code explicitly requires that an aggrieved employee or representative "*shall* give written notice . . . of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation." Cal. Lab. Code § 2699.3(a)(1)(A) (emphasis added). The California Supreme Court described the PAGA notice requirements in § 2699.3 as a "condition of suit." *Williams*, 398 P.3d at 79. PAGA plaintiffs represent the State's interests "on behalf of *all* affected employees," such that other aggrieved employees are bound. *Kim v. Reins Int'l Cal., Inc.*, 459 P.3d 1123, 1131 (Cal. 2020); *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 646 (2022); *Saucillo*, 25 F.4th at 1127.

We conclude that it violates the statutory notice provision, as well as the purpose of the PAGA statute, to approve a settlement that includes the three

9

unnoticed claims. The district court therefore abused its discretion by approving settlement of the claims added at the eleventh hour because the *Chalian/Cabrera* plaintiffs had neither satisfied the statutory notice requirement nor actively litigated the claims. In reaching this conclusion, we follow the *Uribe* side of the split, 285 Cal. Rptr. 3d at 775. The district court chose the opposite path, but we are unable to reconcile that approach with the statutory scheme adopted by the California legislature. Our read of the PAGA statutory scheme and California Supreme Court authority does not permit us to affirm the release of these unnoticed claims based on finding that they involve the "same primary right litigated" *Moniz*, 287 Cal. Rptr. 3d at 131, or have a common "factual predicate" to the noticed claims, *see Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287 (9th Cir. 1992) (citation omitted).

Although the court erred by approving this settlement because it included unnoticed PAGA claims that were not litigated by the settling parties, we find no merit to the other objections. On remand, if the three non-overlapping claims are not included in the settlement and release, it would not be an abuse of discretion for the district court to approve the remaining terms of the settlement.

**VACATED AND REMANDED.**

10

*Sevag Chalian, et al v. CVS Pharmacy, Inc, et al.*, No. 21-55817
BUMATAY, Circuit Judge, dissenting in part:

Ryan Hyams, Trent Andrews, Cynthia Cardenas, Victoria Cosio, and Elizabeth Garcia appeal the district court's order denying their objections to a settlement agreement of wage-and-hour claims against CVS. First, Andrews and others ("Andrews Objectors") challenge the district court's approval of the settlement and release of class claims. At least Andrews has standing to bring this appeal, and I agree with the majority that the district court didn't abuse its discretion in approving the settlement. Second, Hyams and others ("Hyams Objectors") challenge the settlement of three California Private Attorneys General Act ("PAGA") claims in the agreement. Because the Hyams Objectors have no right to appeal the settlement, I respectfully dissent.

Even though the rule that only parties to a lawsuit may appeal a case is "well settled," we sometimes allow non-parties to appeal in "exceptional circumstances." *United States ex rel. Alexander Volkhoff, LLC v. Janssen Pharmaceutica N.V.*, 945 F.3d 1237, 1241 (9th Cir. 2020) (simplified). This only happens "when (1) the appellant, though not a party, participated in the district court proceedings, and (2) the equities of the case weigh in favor of hearing the appeal." *Id.*

Hyams Objectors argue that only they satisfied PAGA's notice requirements under California Labor Code § 2699.3 for the three non-overlapping claims included in the settlement and thus they should be allowed to appeal the settlement. They

1

also argue that they have no other avenue to appeal the PAGA settlement. This isn't sufficient to meet our "exceptional circumstances" requirement.

First, under Ninth Circuit precedent, a nonparty objector lacks standing to appeal the district court's approval of a PAGA settlement when the objector's motion to intervene is properly denied. *Callahan v. Brookdale Senior Living Communities*, Inc., 42 F.4th 1013, 1023–24 (9th Cir. 2022). And this rule shouldn't change because the objector was the only claimant to file notice with the State. The interest in settling PAGA claims belongs to the State—not to the claimants who first filed notice. *See Turrieta v. Lyft, Inc*., 16 Cal. 5th 664, 691 (2024). And "unlike a class action, there is no individual component to a PAGA action because every PAGA action is a representative action on behalf of the state." *Callahan*, 42 F.4th at 1019 (simplified). As *Turrieta* recently emphasized, "[a]ny proposed settlement of a PAGA 'civil action' must be submitted to the court for review and approval and, at the same time, must be submitted to [California's Labor and Workforce Development Agency ("LWDA")]." *Turrieta*, 16 Cal. 5th at 681 (simplified).

Here, it shouldn't matter that Hyams Objectors were the only claimants to file notice with the State on the non-overlapping claims. That's because the State had notice of the settlement of the non-overlapping claims and did nothing to oppose the settlement in the district court. Whether the district court properly approved the settlement with the non-overlapping claims is a different one than whether Hyams

2

Objectors have standing to appeal the settlement. Because the PAGA interest is the State's, not any aggrieved employee, it doesn't matter that Hyams Objectors were the only claimants to lodge a notice with the LWDA. They shouldn't have standing to appeal.

Second, that Hyams Objectors lack an avenue to appeal is part of PAGA's design: "because PAGA actions are understood to involve the assertion of the government's claims on a derivative basis, the judgment issued in a PAGA action is binding on anyone who would be bound by a judgment in an action brought by the government." *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 646 (2022). Said another way, "civil penalties recovered on the state's behalf are intended to remediate present violations and deter future ones, not to redress employees' injuries." *Kim v. Reins Int'l Cal., Inc.,* 459 P.3d 1123, 1130 (2020); *see also Canela v. Costco Wholesale Corp*., 971 F.3d 845, 851, 856 (9th Cir. 2020).

And while true that a PAGA judgment binds all, including nonparty employees, "who would be bound by a judgment in an action brought by the government without an opportunity to opt out," any "preclusive effect extends only to an employee's ability to seek civil penalties under PAGA." *Saucillo v. Peck*, 25 F.4th 1118, 1127 (9th Cir. 2022) (simplified). "Employees precluded from bringing a PAGA claim retain all rights to pursue or recover other remedies available under state or federal law." *Id.* (simplified). Thus, Hyams Objectors may have other

3

avenues for redress of their injuries.

I respectfully dissent.